## MATHER V. DARST *et al.*

1. In an action to foreclose a real estate mortgage, where a person claiming title thereto under a tax sale is made a party, the plaintiff is not reouired to pay or tender the taxes properly paid by such person on the land, before attacking his title.

2. Under laws 1891, Chap. 14, § 104, providing that the notice of a tax sale must describe the lands to be sold, and the amount of taxes both real and personal, and Comp. Laws, § 1620, providing that it must contain a list of the lands to be sold, and the taxes due, a notice of the sale which describes the lands, and specifies the "amount sold for," is substantially defective, as it does not state the amount of taxes due, and a sale thereunder is of no validity.

(Opinion filed April 3, 1900.)

Appeal from circuit court, Grant county. Hon. A. W. Campbell, Judge.

Action by Frederick E. Mather against James Darst and others to foreclose a real estate mortgage. From a judgment for defendants, plaintiff appeals. Reversed.

*A. W. Wilmarth*, for appellant.

*Thomas L. Bouck*, and *Ivan W. Goodner*, for respondents.

Haney. J. Defendant Boeder was made a party to this action, instituted for the purpose of foreclosing a real estate mortgage. as one having, or claiming to have, an interest in the mortgaged premises. He answered, setting up a tax title. The cause was tried without a jury, judgment rendered in favor of defendant, a new trial denied, and plaintiff appealed.

Taxes for township, county, and state purposes against the land described in the mortgage having been duly assessed, equalized, and levied in 1891, and returned as delinquent, the land was sold November 7, 1892, to Charles H. Moore, who assigned his certificate to Thomas L. Bouck, to whom a tax deed, duly acknowledged, was delivered and recorded July 16, 1896. Moore paid subsequent taxes which, with the amount paid for the property, aggregate $114. His claim for subsequent taxes was assigned to Bouck, with the tax-sale certificate. Boeder paid $26.20 as subsequent taxes. Bouck conveyed all of his right, title and interest in and to the premises to Boeder, July 16, 1896, since which time Boeder has been in actual and undisputed possession of the property. In an action of this character, the plaintiff is not required to pay or tender whatever taxes may be just and proper against the land, before attacking defendant's title. Clark v. Darlington, 7 S. D. 148, 63 N. W. 771.

The published notice of sale was in the following form:

| Description | Section | Amount | Sold for |
|---|---|---|---|
| [Here followed descriptions part way down the column, where descriptions were continued as follows:] | | | |
| MAZEPPA. | | | |
| TOWN 120, RANGE 52. | | | |
| lots 1, 2 . | 1 | 20 | 86 |
| lots 3, 4 | 1 | 24 | 53 |
| n½ sw¼ | 1 | 13 | 73 |
| lots 1, 2, '91 per | 2 | 39 | 16 |
| ne¼ se¼ | 2 | 5 | 37 |
| sw¼ | 13 | 21 | 94 |
| se¼ 1891 per | 13 | 36 | 07 |
| lot 1 1891 per | 22 | 10 | 81 |
| s½ sw¼ | 23 | 39 | 85 |
| nw¼ | 24 | 19 | 26 |
| [Here followed like descriptions down the column.] | | | |

The 1891 revenue law provides that the notice of sale "must contain a list of the lands to be sold and the amount of taxes both real and personal due." The former statute provides that the notice "must contain a list of the lands to be sold and the amount of taxes due." Laws 1891, Chap. 14, § 104; Comp. Laws, § 1620. As the notice in this case does not meet the requirements of either statute, it will not be necessary to decide which one was in force when it' was published. Taken as a whole, the published notice, so far as it concerns the land in controversy, reads as follows: "Description, nw¼, section 24, town 120, range 52, amount sold for 19 26.". It is held in nearly all, if not all, the states that the giving of notice in the form and manner prescribed by the statute is an essential jurisdic tional fact; that the omission of notice is not a mere irregularity, but a vital defect; and that the validity of all the future proceedings depends upon a substantial, if not literal, compliance with the law in this regard. Black, Tax Titles, § 205.

Passing the description, and absence of any dollar marks or other signs clearly indicative of the amount of taxes, with the remark that such departures from the plain requirements of the statute are inexcusab'e, if they do not render the notice fatally defective, we proceed to consider the words "amount sold for.' It certainly cannot be contended that these words are eouivalent to "taxes due," "amount of taxes due," or "amount due." Were we to assume that the notice is sufficient in other respects, we could not hold that it contains the amount of taxes due against the land involved in this action, or the amount of taxes due against any land whatever. In this respect the notice is substantially defective, and all subsequent proceedings are consequently invalid. The judgment of the circuit court is reversed, with directions to enter a decree of foreclosure in favor of plaintiff, and a judgment in favor of defendant Boeder for the just amount of taxes paid by him and his assignors, together with such interest as shall be lawful; the lien of such judgment to be prior and superior to the lien of the plaintiff's mortgage.