## BANDOW v. WOLVEN.

The mere recording of an instrument in the form prescribed for tax deeds would not of itself start the running of the special statute of limitations prescribed by Laws 1891, p. 69, c. 14, § 122, declaring that no action shall be commenced to recover posesssion of land sold for taxes, etc., unless begun within three years after the recording of the tax deed, etc.

Where the assessor's book, containing the assessment in question, was returned in due time, with the required affidavit and a certificate of the county auditor, that it was subscribed and sworn to by the assessor, as required by Laws 1891, p. 41, c. 14, § 40, the oath having been in fact administered, there was a substantial compliance with the statute, though the assessor neglected to sign the affidavit.

Where a tax roll contains a certificate of the county auditor that it was subscribed and sworn to by the assessor, as required by Laws 1891, p. 41, c. 14, § 40, it will be presumed that the certificate is true as to the administering of the oath, though the affidavit of the assessor is not signed.

An unverified assessment roll is not a nullity.

An assessment roll was headed across the tops of the columns with the words and letters: "Name of Owner. Description. What Part. Sec. or Lot. Twp. or Block. Range. Number of Acres of Land." In the first column was placed the name of the owner, and under the letters "S. E." were ditto marks, and under the columns for section,.

township, range, and acres were placed, respectively, the numbers 24, 112, 67, and 160. **Held,** to constitute a valid assessment of the S. E. ¼ of section 24, township 112, range 67.

Laws 1891, p. 63, c. 14, § 104, provided that the notice of sale of land for taxes, should contain a notification that all lands on which taxes of the preceding year or years remain unpaid would be sold, the time and place of sale, and that such notice should contain a list of the lands to be sold and the amount of taxes, both real and personal, due. A notice of sale was headed with a recital that the annexed list of real property had become delinquent by reason of non-payment of taxes for the year 1893 and prior years, and that the property would be sold to satisfy the taxes, with penalty, interest, and costs, etc. The list was headed by the words: "Name. Description. Sec. Tax. Persl. Pnlty & Int. Total." Underneath this were the words and figures: "St. Lawrence Township—112—67." Below this the following: "F. T. Day se qr 24 26 16 2 45 28 61." **Held,** that such notice, properly construed, constituted a notice that the S. E. ¼ of section 24, in St. Lawrence township, was delinquent, that the taxes amounted to $26.16, penalty and interest $2.45, and the total amount due was $28.61, and was therefore sufficient.

Under Rev. Civ. Code, § 2432, providing that "the law disregards trifles," an error of 9 cents in computing the penalty and interest against land sold for taxes, and the fact that the land was sold for 23 cents in excess of what was lawfully chargeable against it, did not invalidate the sale, especially where the owner took no steps to have the error corrected until after the three-year limitation provided by Laws 1891, p. 69, c. 14, § 122, had expired.

Laws 1891, p. 63, c. 14, § 104, requires that the notice of sale of land for taxes shall be published once a week for three consecutive weeks commencing the first week in October preceding the sale. The printer's affidavit of the publication of the notice in question certified that it was printed in his newspaper for three successive issues, the first publication being made October 5, 1894, and the last on October 26, 1894. **Held,** that such affidavit showed that the notice was not published "for three successive weeks," as required.

That the notice of sale of land for taxes was not published "for three successive weeks," as required by Laws 1891, p. 63, c. 14, § 104, is not a defect which can be raised by the land owner after the expiration of the three-year limitation imposed by section 122 (page 69).

That the return of the published notice required before the issuance of a tax deed did not show that the owner of the land was a nonresident was not a defect that the owner could raise after the expiration of the three-year limitation, prescribed by Laws 1891, p. 69, c. 14, § 122.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Hand County. Hon. LORING E. GAFFY, Judge.

Action by Loverta J. Bandow against John W. Wolven. From a judgment for plaintiff, defendant appeals. Reversed.

*B. A. Knight* and *J. H. Cole,* for appellant.

The omission of the magistrate's certificate that the oath certified and signed by the assessors were administered to them, does not invalidate the list, when in fact the oath was administered. Desty on Tax. Vol. 1, p. 585, note 23; Blodgett v. Holbrook, 39 Vt. 336. The presumption is that oath was taken. Sess. Laws 1897, Chap. 32, p. 82; McClure v. Warner, 20 N. W. 387. An assessment headed across the tops of the columns with the words and letters: "Names of Owner. Description. What Part. Sec. or Lot. Twp. or Block. Range. Number of Acres of Land." In the first column was placed the name of the owner and under the letters "S. E." were ditto marks, and under the column for Sec. Twp. and Acres were placed, respectively, the numbers 24, 112, 67 and 160, is a sufficient description on which to base a valid assessment of the Southeast quarter of Section 24, Township 112, Range 67. Black on Tax Titles, Sec. 114. Jenks v. McTigne, 22 Fed. Rep. 148; Judd v. Anderson, 51 Ia., 345; Griffin v. Tuttle, 74 Ia. 219; Burdick v. Connelly, 69 Ia. 458; Greenwood v. LaSalle, 137 Ill. 227; Cairo v. Mathews, 152 Ill. 158; Carrington v. People, 195 Ill. 484; Bowen v. O'Donnell, 29 Minn. 135; Law v. The People, 80 Ill. 268; Fowler v. The People, 93 Ill. 116. A description of land by well understood abbreviations is sufficient as by the abbreviations used in the land office. Desty on Tax. Vol. 1, p. 568; People v. Crockett, 33 Cal. 150. After a title has been held under a tax deed for the time fixed by statute, all questions as to the regularity of the tax proceedings except those which concern the power and jurisdiction of the taxing officers or the fraud or misconduct of the parties are set at rest. Cooley on Taxation, Chap. X, 302-568. If the tax deed contains a perfect description of the land conveyed, it is protected by the statute of limitations from impeachment by evidence that the description on the assessment roll and in the sale certificate was fatally defective. Blackwell on Tax Titles, Sec. 498; Cooley on Taxation, 564.

*S. V. Ghrist* and *Grigsby & Grigsby,* for respondent.

A clear, accurate and intelligible description of the land as-

sessed is essential as a basis for taxation, and where the description
is insufficient the taxing officers are without jurisdiction to levy the
tax, and the statute of limitations cited by counsel for appellant
does not run in favor of a tax deed based on a levy made upon such
an assessment.  Black on Tax Titles, Sec. 452;  Larson v. Dickey,
58 N. W. 167;  Petit v. Flint, 72 N. W. 238;  Upton v. People, 5.
N. E. 358;  Van Cise v. Carter, 9 S. D. 234;  Stokes v. Allen, 15
S. D. 423;  Turner v. Hand County, 11 S. D. 351;  Keith v. Hay-
den, 26 Minn. 212;  Power v. Larabee, 2 N. D. 141;  Power v.
Bowdle, 3 N. D. 107;  Sheets v. Paine, 10 N. D. .103.  The statute
requiring the verification is mandatory.  Its omission is fatal, and.
goes to the groundwork of the tax, hence defeats the jurisdiction
to lay the tax.  Laws of 1891, Chapter 14, Sec. 40;  Eaton v. Ben-
nett, 10 N. D. 346;. Lee v. Crawford, 10 N. D. 482.  Where there
are no signs or words to indicate that the figures set out in the tax
record mean dollars and cents the sale is void and passes no title to
the purchaser.  Nowlen v. Hull, 87 N. W. 222;  Anderson v. Post,
38 S. W. 283.  When description is insufficient in the notice, sale
is void.  Wilson v. Abernathy, 21 So. Rep. 150;  Eastman v. Gur-
ney, 49, Pac. Rep. 310.  The description of the premises to be sold.
given in the notice must be such that the exact land to be sold can
be determined from it.  Richardson v. Simpson, 33 Atlantic Rep.
457.  A tax sale is void where it is had without a legal notice of
sale.  Sweigle v. Gates, 9 N. D. 538;  Lee v. Crawford, 10 N. D.
482.  An affidavit of the publication of a notice of tax sale must
contain all the facts the statute requires it to show.  Rustin v. Mer-
chants' & Miners' Tunnel Co., 47 Pac. Rep. 300;  Black on Tax
Titles, Sec. 214.  The affidavit must show on its face that the stat-
utory requirements have been complied with.  Esker v. Hefferman,
41 N. E. 1113;  Hughes v. Caune, 26 N. E. 517.  Notice is neces-
sary to terminate the period of redemption, and it is a condition
precedent to the right of the purchaser to demand a deed.  A deed
issued without the notice or on a defective notice does not terminate
the period for redemption. 27 Am. & Eng. Enc. Law, (2d) 860; Des-
ty, Taxation ,883;  Devlin, Deeds, 1396;  Jaggard, Taxation, 506.
A tax deed issued before the expiration of the period of redemption
is void.  Griffin v. Johnson, 108 N. W. 438;  People v. Hagadom,

104 N. Y. 523; Thompson v. Burhans, 61 N. Y. 65; Doughty v. Hope, 5 Denio, 595; Patts v. Cooley, 51 Wis. 353; Grimes v. Ellyson, 105 N. W. 418; Rector v. Maloney, 15 S. D. 271. One holding under a void deed cannot claim benefit of the statute of limitations. Crisman v. Johnson, 47 Pac. Rep. 296; Lee v. Crawford, 10 N. D. 488; Sheets v. Paine, 10 N. D. 103. Limitation laws cannot compel a resort to legal proceedings by one who is already in the complete enjoyment of all he claims. Cooley Const. Limitations, (6th ed.) 449; Groesbeck v. Seeley, 13 Mich. 329; Case v. Dean, 16 Mich. 12; Feller v. Clark, 31 N. W. 175; Baker v. Kelley, 11 Minn. 480; Joslyn v. Rockwell, 128 N. Y. 339; Taylor v. Miles, 5 Kan. 498; Baldwin v. Merriam, (Neb.) 20 N. W. 250; Harding v. Butts, 18 Ill. 503; Newland v. Marsh, 19 Ill. 376.

HANEY, J. This is an action to determine adverse claims to a quarter section of land situate in Hand county, title to which is in the plaintiff unless divested by a tax deed, fair on its face, recorded more than three years before the action was commenced.

There has been a special limitation applicable to this class of actions in this jurisdiction since long prior to the transactions here involved. In 1891 it was stated in the following language: "No action shall be commenced by the former owner or owners of lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed, and not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the parties commencing such action." Laws 1891, p. 69, c. 14, § 122. The language has been modified in later enactments, but such modifications do not affect the questions presented by this appeal. Rev. Pol. Code, § 2214. It requires no argument to show that the mere recording of an instrument in the form prescribed for tax deeds would not of itself cause the running of the statute. Moran v. Thomas, 19 S. D. 469, 104 N. W. 212. As said by the Supreme Court of Colorado: "It will, of course, be admitted that there are some objections against tax titles that cannot be

obviated by statute, as the effect would be to deprive the owner of property without due process of law. Among illustrations of defects of this nature may be enumerated instances where the property sold was not within the jurisdiction of the tax district, or that the sale, in fact, never took place; but as a general rule all questions with reference to tax proceedings, except such as go to the power and jurisdiction of the taxing officers, or the fraud and misconduct of the parties, are barred by the statute. Black on Tax Titles, § 284." Crisman v. Johnson, 23 Colo. 264, 47 Pac. 296. Therefore, in dealing with a tax title, departures from strictly accurate methods of procedure are of three classes: (1) Those which are immaterial; (2) those which invalidate the sale before the deed has been of record three years; and (3) those which invalidate the sale notwithstanding the special limitation. In the case at bar scarcely any step in the tax proceeding, from the assessment of the property to the recording of the deed, strictly conformed to the requirements of the statute. But the deed which is valid on its face was of record more than three years when this action was commenced and none of the defects is available except one belonging to the third class. Concerning what defects are available notwithstanding special limitations the authorities are conflicting, and the question must be determined in each particular case with reference to the laws of the jurisdiction in which it arises, and the underlying principle that failure to do what might have been dispensed with may be cured by operation of a special limitation. With these general observations we proceed to consider the particular defects discloesd by the record in this case.

Regarding the assessment upon which defendant's tax title rests, the learned circuit court found as follows: "That the assessor for the township of St. Lawrence, in said Hand county, in which said land is situated, made no verified return of the assessment of property in said township for the year 1893; that the book which purports to be the assessment book of said township for said year of 1893, is not verified by the affidavit of the assessor and does not describe or identify the land described in plaintiff's complaint." The statute then in force contained these provisions: "The assessor shall add up and note the amount of each column in their assess-

ment books after making the corrections made by the town board of review. They shall also make in each book, under proper headings a tabular statement showing the footings of the several columns upon the page and shall add up and set down, under the respective headings, the total amount of the several columns, and on or before the first Monday in July, he shall make return to the county auditor of his assessment books, and deliver therewith the lists and statements of all persons assessed, all of which shall be filed and preserved in the office of the county auditor. Such return shall be verified by his affidavit and substantially in the following form." Then follows the prescribed form. Laws 1891, p. 41, c. 14, § 40. As we understand the record, the evidence discloses the return of the assessor's book in due time with the required affidavit and a certificate of the county auditor that it was subscribed and sworn to by the assessor, there being no defect therein, except that it does not now appear that the affidavit was subscribed by the assessor. If the oath was in fact administered, there was a substantial compliance with the statute though the assessor may have neglected to sign the affidavit, and notwithstanding the affidavit now appears not to have been signed, the presumption must prevail that the certificate is true as to the administering of the oath. So we conclude from the record itself that the return was verified. Moreover, an unverified assessment roll is not a nullity. Avant v. Flynn, 2 S. D. 153, 49 N. W. 15. In this instance the person who made the assessment—who determined the taxable value of the property—was duly elected or appointed to perform that duty. He gave the required bond, took the required official oath, and presumptively performed the duty with fidelity. Nothing was wanting save his signature to the affidavit, a formality which did not affect any substantial feature of his work, and which might have been dispensed with by the Legislature without injury to any one and without violating any fundamental rule of property. So, even if the return were not verified, the irregularity would not be available to the plaintiff in this action whatever might have been its effect before completion of the special limitation period.

The description of the property in the assessor's book was as follows:

| Name of Owner. | Description. What part. | | | | Sec. or Lot. | Twp. or Block | Range | Number of Acres of Land |
|---|---|---|---|---|---|---|---|---|
| F. T. Day | NE | NW | SE | SW | 24 | 112 | 67 | 160 |

This is substantially the same as the description involved in Stoddard v. Lyon, 18 S. D. 207, 99 N. W. 1116, and is sufficient.

The description in the treasurer's sale book is as follows:

| Name of Owner. | Description. Part of Section. Name of Town. | Sec. or Lot | Twp. or Block | Range | Acres |
|---|---|---|---|---|---|
| F. T. Day | SE ¼ | 24 | 112 | 67 | 160 |

The letters "SE" are followed by the figures "¼" which remove the objections upon which our former decisions regarding insufficient descriptions are predicated.

The published notice of sale is to the effect that the taxes on the annexed list of real property have become delinquent by reason of nonpayment thereof for the year 1893 and prior years, and that said property will be sold in the manner provided by law to satisfy said taxes with penalty and interest, together with costs, giving the time and place of sale. The notice is signed by the treasurer. The annexed list so far as applicable to this case is as follows:

| | | | | | Pntly & | | |
|---|---|---|---|---|---|---|---|
| Name | Description | Sec. | Tax | Persl | Int | Total | |
| St Lawrence Township—112—67. | | | | | | | |
| F. T. Day | se qr | 24 | 26 | 16 | 2 45 | 28 | 61 |

The letters "qr" are the recognized abbreviations for "quarter" as applied to weights and measures. Standard Dict. "Sec." certainly means section. "S. E." as certainly means southeast. It would be unreasonable to assume that Hand county would have more than one St. Lawrence township. Hence, there could be but one S. E. ¼ of section 24, St. Lawrence township, in the county, and there could

be no uncertainty as to the land intended to be sold. The words and abbreviations, "Tax, Persl, Pnlty & Int, Total," must be considered in connection with the body of the notice, the subjects to which they relate and the position in which they stand, and when so considered their meaning is apparent. The figures, "26 16, 2 45, 28 61," necessarily relate to the amount of taxes, penalty and interest and total amount due. Notwithstanding the absence of dollar marks, no person of ordinary intelligence would doubt that these figures were designed to express certain sums of money. Observing that each group of figures was divided by a printer's space such a person would instantly conclude that the figures preceding the space represented dollars and those following it represented cents. It is therefore clear that the figures should be read as if they were written thus: "$26.16, $2.45, $28.61." The statute provided: "Such notice shall contain a notification that all lands on which the taxes of the preceding year or years remain unpaid will be sold and the time and place of the sale; and said notice must contain a list of the lands to be sold and the amount of taxes both real and personal, due." Laws 1891, p. 63, c. 14, § 104. So the notice, properly construed, was to the effect that the S. E. ¼ of section 24, St. Lawrence township, would be sold to satisfy due and unpaid taxes thereon for the year 1893 and prior years, amounting to $26.16, penalty and interest $2.45, total $28.61, together with costs of sale, and substantially complied with the requirements of the statute. It is true that this court has severely criticised the omission of dollar marks from tax sale notices, Mather v. Darst, 13 S. D. 75, 82 N. W. 407, and that such omission has been considered a fatal defect in other jurisdictions, nevertheless it is so clear that no one could have been misled by their omission in this instance, we are compelled to regard this notice as sufficient in this respect.

It appears an error of 9 cents was made in computing penalty and interest and that the land was sold for 23 cents in excess of what was lawfully chargeable against it. Whether these errors were of sufficient importance to invalidate the sale without reference to the special limitation may be a debatable question under the authorities. 27 Am. & Eng. Ency. (2d Ed.) 822. As it is a maxim of our jurisprudence that "the law disregards trifles" (Rev. Civ. Code, § 2432),

we think they should not be so regarded. But, however that may be, they should not have that effect where, as in the case at bar, the owner has taken no step to have them corrected until after the special limitation period had expired. General Expressions may be found in Mather v. Darth, supra, apparently inconsistent with this conclusion, but it should be remembered that the precise question there decided is not involved in this case and that the effect of the special limitation was not under consideration.

The law required the notice of sale to be published "once a week for three consecutive weeks commencing the first week in October preceding the sale." Laws 1891, p. 63, c. 14, § 104. The printer's affidavit states that it was "printed and published in the said newspaper for three successive issues, the first publication being made October 5, 1894, and the last publication on October 26, 1894." This court will take judicial notice that there were four Fridays in October, 1894, which fell on the 5th, 12th, 19th, and 26th. If there were only three publications, one on the 5th and one on the 26th, there was a failure to publish on either the 12th or 19th, and the notice could not have been published "for three consecutive weeks." The notice required by the statute was not given, an irregularity which certainly would have invalidated the sale had timely objection been made. Is it now available? We think not. The owner of the land cannot be heard to say that he did not know the law. He knew that his land was subject to taxation, that it was assessable every year, that no demand for taxes was necessary, that they became delinquent on the 1st day of March of the year after they were levied, and that if they were not paid it was the duty of the treasurer to sell his land to satisfy the same on the first Monday in November. The time of the assessment, levy, and sale was prescribed by the statute. The law itself gave notice of the time and place of sale. The Legislature might have dispensed with further notice. It has declared that no action shall be commenced by the former owner or by any person claiming under him to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed. The declaration is comprehensive and unqualified. No doubt exists

as to the legislative intent. By the terms of the statute no defects in tax proceedings are excepted from the operation of the limitation; none should be recognized by the courts except such as are required to prevent owners from being deprived of their property without due process of law. The legislative will should prevail to the fullest extent possible. It is the owner's duty to pay his taxes when they become due. He knows the consequences of failure to do so, the effect of the special limitation, and has no cause to complain; ample opportunity being afforded for the protection of his rights. If no published notice of the sale was necessary, certainly a defective one should not be regarded as a jurisdictional defect. There was no want of power. It may have been irregularly pursued, but the irregularity was waived by the owner's failure to assert his rights within the period prescribed by the statute, and that period is neither unjust nor unreasonable.

What has been said regarding the tax sale notice applies with equal force to the contention that the return of the published notice, required before the deed was issued, does not show that the owner of the land was a non-resident. Assuming the record to be defective in this respect, and that the defect was such as to invalidate the sale before the expiration of the special limitation, it is not now available because such a notice might have been dispensed with altogther, without depriving the owner of his property without due process of law.

Finally, it clearly appears that the land was subject to taxation, that its taxable value was determined by the officer appointed for that purpose, that a lawful tax was levied thereon, that such tax was not paid, that the land was sold at the time and place and in the manner provided by law; and that a deed fair on its face was issued, which was recorded more than three years before this action was commenced. Upon these essential facts the tax title must be sustained.

The judgment of the circuit court is reversed, and a new trial ordered.