CORNELIUS (LYNCH, Intervener) v. FERGUSON et al.

Where on appeal a tax deed was held valid, the decision was the law of the case and conclusive as between the parties in all subsequent proceedings in the action, and no question of defect either in the form or execution of the deed could be raised on a subsequent appeal.

Under Comp. Laws 1887, § 1640 (Rev. Pol. Code, § 2214), barring an action by the former owners to recover land sold for taxes after three years from the recording of the tax deed, the deed so recorded for three years and not void on its face bars such an action, unless it be shown aliunde of the tax deed itself that the premises were not within the taxing district, or were not assessed or not taxable, or that the taxes assessed had been paid before sale, or the property redeemed from sale before issuance of the tax deed, and evidence of mere irregularities in assessment or in the tax sale proceedings is inadmissible to impeach the deed.

(Opinion filed, May 6, 1909.)

Appeal from Circuit Court, Beadle County. Hon. CHARLES S. WHITING, Judge.

Action by Margaret E. Cornelius against Allie E. Ferguson and another, in which Elsie J. Lynch intervened. From a judgment for defendants and an order denying a new trial, plaintiff appeals. Affirmed.

See, also, 16 S. D. 113, 91 N. W. 460, and 17 S. D. 481, 97 N. W. 388.

*W. A. Lynch* and *T. H. Null,* for appellant.  *A. W. Wilmarth* and *A. W. Burtt,* for respondents.

CORSON, J. This action was instituted by the plaintiff, Margaret E. Cornelius, against defendant, to quiet title to certain lots in the city of Huron. During the progress of the action, the plaintiff conveyed the property to Elsie J. Lynch, intervener, who has

since prosecuted the same in the lower court and in this court, in the name of the plaintiff. Findings and judgment being in favor of the defendant, the plaintiff has appealed. The complaint is in the usual form. The defendant in her answer pleads title in herself, by virtue of a tax sale and tax deed issued thereunder, and the three years' statute of limitations. The case was originally tried to the court, and findings and judgment rendered in favor of the plaintiff; the trial court holding that the said tax deed was void upon its face, and therefore the action was not barred by the statute of limitations. On appeal to this court the judgment of the court below was affirmed, and the decision is reported in 16 S. D. 113, 91 N. W. 460. Subsequently upon rehearing the original decision of this court was disaffirmed, and the judgment of the circuit court was reversed, and the case remanded for further proceedings consistent therewith. This decision is reported in 17 S. D. 481, 97 N. W. 388. In the latter decision the majority of the court held that the deed was not void upon its face, but was a valid deed, and further held that "it is clear from the record presented that the appellant's tax deed to which no valid objection has been suggested was recorded more than three years before the commencement of the action, and a complete defense thereto has been established." Upon the remittitur going down from this court, the case was tried in the circuit court a second time, and the case is now before us for alleged errors committed by the trial court in holding that the deed was not void upon its face, and that it, having been recorded for more than three years prior to the commencement of the action, was a bar to the same, and also for alleged errors of the court in striking out the evidence of the plaintiff tending to prove certain defects in the tax proceedings, resulting in the deed, which, the plaintiff contends, had the effect of rendering the tax proceedings and tax deed void, and therefore not a bar to the action. .

It is insisted by the respondent, in support of the rulings and judgment of the trial court, that the former decision of this court, holding that the tax deed was valid upon its face, was conclusive upon the parties, and that the decision constitutes the law of this case, and no question as to the validity of the tax deed can be

considered on this appeal. We are inclined to take the view that the defendant is right in her contention, and that, this court having held on the former appeal that the tax deed was not void upon its face, but was a valid deed, that decision is the law of the case and conclusive as between the parties in all subsequent proceedings in the action. Plymouth County Bank v. Gilman, 3 S. D. 170, 52 N. W. 869; D. M. Osborne & Co. v. Stringham et al., 4 S. D. 593, 57 N. W. 776. See, also, note to City of Hastings v. Jefferson H. Foxworthy, 34 L. R. A. 321. No claimed defect therefore, either in the form or execution of the tax deed, could be raised on the second trial. The learned trial court was therefore clearly right in holding the tax deed a valid deed, and that, it having been on record for more than three years, it constituted a bar to the action, unless it could be shown, aliunde of the tax deed itself, that the premises in controversy were not within the taxing district, or were not assessed, or not subject to taxation, or that the taxes assessed thereon had been paid before sale, or the property redeemed from sale before the issuance of the tax deed. Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204; Moran v. Thomas et al., 19 S. D. 469, 104 N. W. 212.

The objections to the tax deed offered in evidence by the defendant having been overruled, the plaintiff and intervener then offered the following evidence for the purpose of defeating the said tax deed: "(1) The assessor's tax list for the year of 1899 for the purpose of showing that the lots described in the complaint were separately listed and assessed for taxation for the year 1889 to L. K. Church as owner. (2) Evidence for the purpose of showing that no tax levy was made in the year 1889 against said lots. (3) Evidence for the purpose of showing that no notice was given of the sale of said lots for the alleged tax of the year 1889 at the annual tax sale held in Beadle county in November, 1890. (4) Evidence for the purpose of showing that said lots were sold in bulk for one gross sum at said annual tax sale of the year 1890 and not separately as listed and assessed. (5) Evidence for the purpose of showing that the said lots were sold at said tax sale for a sum in excess of the amount of taxes due. (6) Evidence for the purpose of showing that the tax sale at which

said lots were sold was held on November 7, 1890." All of the evidence so offered by the plaintiff was objected to by the defendant on the following ground, among others: "The defendants object to the introduction of any evidence in this case on the part of the plaintiff tending to impeach the defendant's tax deed on the ground that the action is brought to quiet title by setting aside a tax deed valid on its face, issued for land sold for taxes and conveyed by such tax deed, and which deed was recorded more than three years before this action was commenced, and this evidence is for the purpose of impeaching such tax deed." The defendant's objections to the evidence were sustained, and the evidence, which had been admitted subject to the subsequent rulings of the court, was stricken out, and findings and conclusions of law made by the court in favor of the defendant, and judgment rendered thereon.

Much of the appellants' argument in their brief is devoted to pointing out the defects claimed by them as existing in the tax deed and in the execution of the same; but, in the view we take of the case, we do not deem it necessary to further consider the questions discussed in reference to the said deed. It is further contended, however, by the appellants, that the court erred in striking out the testimony offered, and in holding that the defendant having been in possession of the premises in controversy for more than three years prior to the commencement of this action under her deed, and that said deed being valid on its face, the appellants are estopped from attacking said deed on any ground except where the property is outside the taxing district, or is exempt from taxation, or the taxes have been paid or property redeemed from tax sale.

The court, among other findings, finds: "That the said lots were within the taxing district and within the jurisdiction of the said city of Huron, and they are not exempt from taxation, but were subject to taxes for the year 1889. That the defendant Allie E. Ferguson is now in possession of said lots 1, 2, 3, 4, 5, and 6, block 1, George W. Sterling's First addition to the town (now city) of Huron, and has been in continued possession thereof under her tax deed for more than three years prior to the commencement of this action." No claim was

made on the part of the appellants that the taxes upon the premises in controversy were paid prior to the alleged sale of the same, nor was it claimed that the property was redeemed from the sale. It is quite clear therefore that the court was right in striking out the testimony offered by the appellants, as such evidence only tended to show irregularities in the proceedings of the taxing officers, but did not affect their jurisdiction or render their proceedings void.

This court has held in several cases that under the provisions of section 1640, Comp. Laws 1887 (section 2214, Rev. Pol. Code 1903), a deed not void upon its face, which has been recorded for three years prior to the commencement of the action to recover possession of the property, or set aside the deed, constitutes a bar to the action, unless it is shown 'that the property is outside of the taxing district, or has not been assessed, or is exempt from taxation, or the taxes have been paid before the sale, or the property has been redeemed from such tax sale before the execution of the deed. Bandow v. Wolven, supra; Moran v. Thomas et al., supra; Stoddard v. Lyon et al., 18 S. D. 207, 99 N. W. 1116.

In view of the decisions of this court and the decision of the court on the prior appeal on this action, the trial court was clearly right in striking out the plaintiff's evidence and making findings and entering judgment in favor of the defendant.

The judgment and order denying a new trial are affirmed.

WHITING, J., took no part in this decision.