### HOBART v. SCOTT et al. (TIFFT, Intervener).

A tax sale "at the door of the courthouse" is a sale "at the courthouse," within the requirement of Sess. Laws 1897, c. 28, § 116 (Pol. Code, § 2195), that such a sale be at the courthouse.

(Opinion filed, Feb. 16, 1910.)

Appeal from Circuit Court, McPherson County. Hon. LYMAN T. BOUCHER, Judge.

Action by Flora A. Hobart against N. Scott and another, in which action Charles B. Tifft intervened. From a judgment for intervener, and an order denying a new trial, plaintiff appeals. Affirmed.

*Sears & Potter,* for appellant. *James M. Brown,* for respondent.

WHITING, P. J. This is an action brought to quiet title to certain land. The lower court found that the intervener held title to the land in question, and it is admitted that such intervener has succeeded to all the rights formerly held by the defendants, and the issues were submitted to the trial court as between the plaintiff and intervener. Motion for new trial being overruled, the plaintiff has appealed.

Intervener's rights rest, in part at least, on two tax deeds issued to his grantor. If these tax deeds are valid on their faces, then the lower court should be sustained; all assignments raising other questions becoming immaterial. Each of these tax deeds

recites that the sale upon which deed was based was held "at the door of the courthouse." Section 116, c. 28, Sess. Laws 1897, now section 2195, Rev. Pol. Code, was in force at time of these sales. This section provides that the sale shall be held "at the courthouse, or the place of holding courts in his [treasurer's] county, or at the treasurer's office." The above provision for place of sale has been found in this identical language in the laws of this state from and including the Compiled Laws of 1877. During all of such time, from 1877 to the present date, we have had a form for tax deed provided by statute, and, regardless of changes that may have been made in the wording of such form, it has at all times contained a recital that the purchase at the tax sale was "at the door of the courthouse," and recited no other place. Such fact should be entitled to great weight, if anything were necessary to determine our views other than a fair interpretation of the meaning of the phrase "at the door of the courthouse." But certainly a sale "at the door" of a place is a sale at such place, and therefore a sale "at the door of the courthouse" is a sale "at the courthouse," as provided by said section 2195, supra.

We have not overlooked a line of decisions by the Supreme Court of Missouri, found cited frequently. But in those cases it was held that a sale "within the courthouse" did not comply with a statute directing the sale to be held "before the courthouse door"; but there is clearly a wide distinction between the intent and meaning of "at the courthouse" and "within the courthouse." The deeds were therefore valid on their faces, and all other questions raised are covered by the decisions of this court in Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91, and Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204.

The judgment of the trial court and order denying a new trial are affirmed.