## LAUDERDALE v. PIERCE.

A tax deed is fair on its face, and sets running the three-year statute of limitations (Pol. Code, § 2214), where no jurisdictional step is shown to be defective.

A tax deed is valid which shows a sale at the county treasurer's office in the courthouse, as authorized by Laws 1891, c. 14, § 105, requiring a tax sale to take place, at the courthouse, or at the county treasurer's office, etc.

A tax deed is not void, because not made immediately after expiration of the period of redemption.

(Opinion filed May 31, 1911.)

Appeal from Circuit Court, Hand County. Hon. LYMAN T. BOUCHER, Judge.

Action by H. W. Lauderdale against Henry A. Pierce. Judgment for defendant, and plaintiff appeals. Affirmed.

*M. C. Cunningham* and *S. R. Child*, for appellant. *S. V. Ghrist, for* respondent.

McCOY, J. This action is brought by plaintiff, claiming to be the fee owner, to quiet title to a certain quarter section of real estate situated in Hand county. Defendant claims under a tax deed to said land issued to one Blackman for the taxes of 1894, under a sale held November 5, 1895, and which tax deed was issued to said Blackman on the 25th day of September, 1899, and duly recorded September 27, 1899. Findings and judgment were in favor of defendant, and plaintiff appeals.

[1] It is contended by respondent, the defendant below, that the said tax deed to Blackman is fair and valid on its face, and that none of the jurisdictional steps in the taxing process, on which said deed is based, are shown to be defective, and that by reason thereof the three-year statute of limitations provided by section 2214, Rev. Pol. Code, pleaded by respondent in his answer, prevents a recovery by plaintiff and fully justifies the findings and judgment of the trial court. In this contention we are of the opinion that respondent is right. Precisely the same question is raised and passed upon by this court in Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91, Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, Id., 23 S. D. 124, 120 N. W. 881, and Gibson v. Smith, 24 S. D. 514, 124 N. W. 733, wherein this court has

held a tax deed, fair on its face, where none of the jurisdictional requirements are shown to be defective, to pass a fee-simple title to the holder of such tax deed. These decisions designate what are jurisdictional requirements and defects, the lack of which would take a tax deed, although fair on its face, outside of the three-year statute of limitations. None of the defects urged by appellant in this case are jurisdictional, within the meaning of the former decisions of this court, and therefore not sufficient to prevent the running of the three-year statute.

[2] The tax deed in question recites that the sale took place "at the office of the county treasurer in the courthouse in said county." This appellant contends was not the place where such sale should be made, under the statute. Section 105, c. 14, Laws of 1891, in force at the time this sale was made, provides that the tax sale shall take place "at the courthouse, or at the place of holding court in the county, or at the treasurer's office where by law the taxes are made payable."

[3] Appellant also contends that the tax deed is void, because not made immediately after the expiration of 60 days, the date of completed service of notice to redeem; but we are of the opinion this is not a jurisdictional defect.

Finding no error in the record, the judgment of the lower court is affirmed.