STATE OF SOUTH DAKOTA, Appellant, v. STEWART, Respondent.

(139 N. W. 371.)

1. **Criminal Law—Indictment and Information—Constitutional Law —Title of Act.**

   Chap. 222, Laws of 1909, revising the banking laws, is not in conflict with Const., Art. 3, Sec. 21, concerning the title of laws, wherein said statute, in Secs. 29 and 30, makes it an offense for officers and directors of banks to permit shareholders to become indebted to it at one time in excess of fifty per cent. of its paid-up capital; following the decision in State v. Donald A. McPherson et al., 139 N. W. 368, 30 S. D. 547.

2. **Criminal Law—Indictment—Pleading—Insolvency of Bank— Allegations of Fact—Statutes, Constitution.**

   An allegation in an indictment, that a bank was at the time in question "insolvent," is an allegation of the ultimate fact of insolvency involved in Laws 1909, ch. 222, punishing the receiving of money by an insolvent bank, through its officer,

and the permitting, assenting to, etc., of such deposit, by an
officer, etc., after knowledge of its insolvency had come to such
officer; and such allegation is sufficiently clear and certain,
whether the definition of insolvency embraces a single state of
facts, or several different states of fact as defined in the said
statute; and such indictment is not demurrable as not comply-
ing with Code Crim. Proc., Secs. 221, 222, and 229, relating to
conciseness, certainty. language, etc., nor as being contrary to
Const., Art. 6, Sec. 7, preserving to accused the right to de-
mand the nature and cause of the accusation against him, etc.

3.  **Criminal Law—Indictment—Certainty — Constitutional Law —
    Rule of Pleading.**

    Const., Art. 6, Sec. 7, providing that accused shall have right
    to demand the nature and cause of the accusation against him,
    etc., is not a rule of pleading, but does require that the statute
    prescribing rules of pleading shall be sufficient, when complied
    with, to apprise accused of the nature of the accusation.

4.  **Criminal Law—Indictment—More than One Offense—Receiving
    Bank Deposits.**

    Under Laws 1909, ch. 222, punishing receiving of deposits
    by an insolvent bank, both the one who receives and the person
    who assents to the deposit are punishable for the one offense;
    and an indictment charging the cashier with accepting and a
    director with assenting thereto, charges but one offense.

    Corson, J., dissenting.

            (Opinion filed January 6, 1913.)

Appeal from Circuit Court, Meade County. Hon. W. G.
Rice, Judge.

The defendant, Frank M. Stewart, was indicted for assenting,
etc., as a director of the Meade County Bank of Sturgis, to the re-
ception of a deposit of money in said bank after having knowledge
that the bank was insolvent, etc. From an order sustaining a de-
murrer to the indictment, the State appeals. Reversed.

*Royal C. Johnson*, Attorney General, *Claude C. Gray*, State's
Attorney, and *Hayes & Heffron*, for the State.

For points and authorities in chief, on behalf of the State
in this case, see State v. McPherson et al., ante, page 547, the
brief in chief for appellant in which case was identical with that
used in the case at bar.

In Reply.

Respondent misses wide the mark in indictment number four
when he seeks to argue that more than one offense is charged.

It will be seen from the record that no attempt is made to charge Frank M. Stewart with anything but as an aider and abettor under the law in the commission of the crime charged to Harold M. Cooper, as cashier of the bank. Much voluminous argument is made by respondent, who contends the indictment charges Cooper with receiving the deposit, and Stewart et al with assenting to the reception of the deposit. Such argument is not only untenable but clearly misleading and not fair. The only allegations required to charge the defendant Stewart, as an accessory was "aid and abet" in the commission of the crime. The words, "assent to" in the accessory charge are mere surplusages and in no way affect the validity of the charge. Sec. 240 Code Crim. Proc.; State v. Phelps, 5 S. D. 480; State v. Kent, (N. D.) 62 N. W. 632; Hronek v. People, 134 Ill. 139, 24 N. E. 861; People v. Bliven, 112 N. Y. 79; 19 N. E. 638; Baxter v. People, 3 Gilman 368; Dempsey v. People, 47 Ill. 323; Spies v. People, 12 N. E. 865, (15); State v. Hessian, 12 N. W. 77 (Ia.); State v. Duncan, (Wash.) 35 Pac. 117; People v. Roselle, (Cal.) 20 Pac. 36; Griffin v. State, 90 Ala. 583, 8 So. 812; State v. Phelps, (S. D.) 59 N. W. 471; State of Montana v. Gleim, 17 Mont. 17; State v. Littel, (La.) 12 So. 750; Territory v. Guthrie, 2 Idaho 398; Sec. 230 Code Criminal Proc.; United States v. Berry et al, 96 Fed. Reporter; Clark on Crim. Proc., page 288.

That a principal and accessary can be included in the same indictment will not be questioned, and it is usual and proper to so proceed against them. Clarke on Criminal Proc., page 305.

Black Intox. Liq. 441: "As the doing of either one or all of the forbidden acts in the manner specified in the information constitutes a single offense, the gravamen of which is the disposition of intoxicants to a minor, they may be charged conjunctively, and the following authorities so hold:" Commonwealth v. Miller, 107 Pa. 276; Commonwealth v. Dollan, 121 Mass. 374; State v. Pittman, 76 Mo. 56; Bolt v. State, 72 Wisc. 7; State v. Brown, 36 Vt. 560; State v. Ball, 27 Neb. 601; United States v. Hull, 14 F. 324; Commonwealth v. Nichols, 10 Allen 199; Commonwealth v. Eaton, 15 Pickering 273; State v. Nolan, 15 R. I. 529; State v. Bradley, 15 S. D. 148; State of Mississippi v. Mitchell, 51 So. 4; McClure v. the People, 27 Col. 358; State v. Yetzer, 97 Ia. 423, 66 N. W. 737.

"That to constitute the violation of such statute by the officer of the bank, who does not personally receive the deposit, that the person actually receiving it, knew that the bank was insolvent, where such officer knows it and allows such person to receive it for the bank." State v. Sattley, 131 Mo. 464, 33 S. W. 41; Carr v. State, 104 Ala. 4, 16 So. 150; State v. Cadwell, 79 Ia. 432; Carr v. State, 104 Ala. 4, 16 So. 150; Baxter v. Conghlin, 70 Minn.; State v. Erfert, (Iowa) 65 N. W. 309; Meadowcroft v. People, 163 Ill. 56; 35 L. R. A. 176.

Respondent urges upon this Court that indictment number four is indefinite and uncertain because it does not contain a portion of the evidence, which the state will use on trial, that is, because one or all, of the grounds of insolvency are not charged in the indictment. In other words, respondent contends, that he is entitled to know by what rules of evidence, the state will prove that the bank is insolvent, and that he knew it.

The indictment in the case was drawn under section 45, article 2 of the Session Laws of 1909. It was drawn in accordance with the pleading in the case of State v. Stevens, 16 S. D. 309.

The indictment in this case, that is to say, the indictment charging the defendant, Cooper, as principal, followed the foregoing indictment, with the exception, that certain changes were made to cover the new law. This form is the form used by every state in the union, which has this same statute or one similar. It is urged by respondent, that because the new banking act, which by the way, is alleged by respondent to be a revision of the old law, changes the rules or requirements of proof of insolvency, and that, therefore the principle rules or facts showing insolvency, should be by appellant pleaded. The law which respondent relies upon is section 46 of chapter 222 of the Session Laws of 1909, which reads as follows: "When insolvent. A bank shall be deemed insolvent .... (1) When the actual cash market value of its assets is insufficient to pay its liabilities. (2) When it is unable to meet the demands of its creditors in the usual and customary manner; (3) When it shall fail to make good its reserve as required by law."

In other words, the new banking act establishes three rules of evidence, any one of which establishes the insolvency of the

bank. It will be seen at once how cumbersome the rule contend-
ed for by respondent would be, if the appellant in this case was
required to plead all three of the conditions set up under the
rule relied upon by respondent. It is claimed, that by reason of
not having set up which one of said rules will be followed by the
state or whether the state will follow all of them, that the indict-
ment is uncertain in its terms, and that the defendant cannot safe-
ly proceed to trial. Appellant contends that the complete definition
of the offense charged by section 45 of said act is contained in said
section, and in that section the word "insolvent" is used. The in-
dictment charges the crime in the words of the statute, and as long
as the legislature saw fit to use the word insolvent in that statute,
appellant contends that that word, in its ordinary and legal mean-
ing is clearly sufficient to apprise the defendant of the nature of
the accusation against him and to clearly apprise him of the of-
fense sought to be charged. The word "insolvent" under the
statute means any one of three conditions. "Neither presumption
of law, nor matters of which judicial notice is taken, need be
stated in the indictment or information." Sec. 231 Code Crim.
Proc.; State v. Matejousky, (S. D.) 115 N. W. 96.

It will be noticed that the rules of evidence prescribed for es-
tablishing insolvency, occurs in section 46 of the act while the
definition of the crime occurs in section 45 of the act, and there-
fore the statute upon which the indictment is drawn has no con-
nection, either by reference or otherwise to the section, which
sets forth three different rules by which insolvency can be
proven at the trial in court. It is evident that if the legislature
intended to require the pleader to set forth the rule by which he
would prove the insolvency that it would have so placed those
facts in section 45 as a part of the definition of the offense. State
v. Casey, 45 Maine, 435; State v. Pribmow, 16 N. W. 907; State
v. Lewis, 13 S. D. 168; United States v. Simmons, 96 U. S. 360;
State v. Swenson, (S. D.) 99 N. W. 1 115; State v. Faulk, (S. D.)
116 N. W. p. 72; State v. Johnson, (S. D.) 124 N. W. 853.

Chapter 222 of Session Laws of 1909 not limited to revision
of former banking laws.

We understood respondent in the lower court to take the
position, that the penal provisions in the act were not germane to
the subject, because not expressed in the title, and appellant is

gratified to learn from respondent's brief that, "respondent has no quarrel with the authorities which are cited by appellant;" but respondent apparently relies upon the cases of Pierson v. County, 134 N. W. 217 (S. D.); Bekker v. R. R., 132 N. W. 800 (S. D.); and Kennedy v. Railway, 132 N. W. 802 (S. D.), to sustain the lower court. Appellant is said to have missed the point in the foregoing cases. We think, in this, that respondent is in error. Those cases have not, as appellant views the rules therein laid down, in any manner changed the rules contained in the decisions in State v. Morgan, 2 S. D. 32, and in State v. Bekker, 3 S. D. 29.

When new laws were created in chapter 222, Laws 1909, the legislature surely did not consider the act one of revision only. The title of the act must be construed as a whole, considering punctuation and giving to its language its usual, ordinary and common interpretation. The title is, "An act to revise the laws authorizing the business of banking—Providing for the organization and control of banks—and to establish a banking department." This title is broad and comprehensive and by no course of reasoning can respondent's fine spun theory be applied to the cold, hard facts, which must and do justify the act to stand as a whole under the title and the constitution.

The word, "revise," also has a meaning which respondent overlooks. Webster defines "revise" as follows, "to review and amend.". Ellis v. Parsell, (Mich.) 58 N. W. 840; Falconer v. Robinson, 46 Ala. 340.

Assuming for the sake of argument that section 45 of chapter 222 of the Session Laws is unconstitutional and void, still indictment number four is valid and sufficient under the old law. Sec. 680 Penal Code.

The indictment in the case at bar is clearly sufficient under this provision of the statute, and while it was not urged in the lower court, yet appellant contends that should this court hold the act of 1909 unconstitutional then, and in that event, the lower court should be reversed as indictment number four is clearly sufficient under the old law. State v. Stevens, 16 S. D. 309; Section 680 Penal Code.

*Buell, Gardner & Denu,* and *Martin & Mason,* for Respondent.

For points and authorities on behalf of Respondent, see,

State v. McPherson et al., ante, page 547, the brief for respondent in which case was identical with that used for respondent in the case at bar.

SMITH, J. Appeal from the circuit court of Meade county. Respondent, Frank M. Stewart, was indicted by the grand jury of Meade county, together with Harrold M. Cooper, Donald A. McPherson, Charles Francis, and Henry E. Perkins. The indictment is as follows: "The grand jurors of the state of South Dakota, within and for the county of Meade, Eighth judicial circuit, duly and legally impaneled, charged, and sworn according to law, in the name of and by authority of the state of South Dakota, upon their oaths, present: That Harrold M. Cooper, late of said county, yeoman, on the 23d day of December, in the year of our Lord one thousand nine hundred and eleven, at and in the county of Meade, and state of South Dakota, aforesaid, within the jurisdiction of this court, then and there being assistant cashier of the Meade County Bank of Sturgis, a banking corporation duly organized, existing, and authorized to transact a banking business under and by virtue of the laws of the state of South Dakota, and which said banking corporation aforesaid was then and there engaged in transacting a banking business at and in the city of Sturgis, in said county and state aforesaid, and which said bank aforesaid was then and there insolvent, did then and there feloniously and knowingly receive and assent to the reception on deposit into and for the Meade County Bank of Sturgis, a banking corporation, as assistant cashier thereof, of and from one Otto Ellerman, the sum of one hundred and eighty (180) dollars, in current money of the United States of America, a more particular description of which said money is to the grand jurors unknown, and he, the said Harold M. Cooper, as assistant cashier of said bank aforesaid, at the time of receiving and assenting to the reception of said deposit, he, the said Harrold M. Cooper, then and there knowing and having had knowledge at the time of the reception of said deposit, that the said bank aforesaid was then and there insolvent, and he, the said Harrold M. Cooper aforesaid, then and there well knowing then and there of such insolvency aforesaid of the said the Meade County Bank of Sturgis, a banking corporation as aforesaid, whereby the said deposit of one hundred and eighty (180) dollars aforesaid, current money of the United

States of America, as aforesaid, was lost by the said Otto Eller-man, to his great damage and injury. And the grand jurors aforesaid, upon their oaths, aforesaid, do further present: That Donald A. McPherson, Charles Francis, Henry E. Perkins, and Frank M. Stewart, who were then and there officers of said bank, aforesaid, that is to say, the said Donald A. McPherson at the time and place aforesaid was then and there a director and president of said bank aforesaid, and the said Charles Francis at the time and place aforesaid, was then and there a director of said bank afore-said, and the said Henry E. Perkins at the time and place afore-said was then and there vice president and a director of said bank aforesaid, and the said Frank M. Stewart at the time and place aforesaid was then and there a director of said bank afore-said, at and before the commission of the said felony of receiving and assenting to the reception of the deposit after having know-ledge that the bank was insolvent, as aforesaid, was committed in form aforesaid, to wit, on the 23d day of December, A. D. 1911, in the county and state aforesaid, did then and there willfully, un-lawfully, feloniously, and knowingly incite, permit, assent to, move, procure, counsel, hire, command, aid, and abet the said Harrold M. Cooper in the commission of said felony aforesaid in the manner and form aforesaid at and in said county and state aforesaid to do and commit, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of South Dakota."

To this indictment the defendant Frank M. Stewart inter-posed his separate demurrer as follows: "(1) That said indict-ment does not substantially conform to the requirements of the Code of Criminal Procedure for the state of South Dakota, in that it does not contain a statement of the acts constituting the al-leged offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. And said indictment is not direct and certain as to the offense charged, nor the particular circumstances of the offense charged, though the particular circumstances thereof are necessary to constitute a complete offense, and said indictment is indirect and uncertain in such regard. (2) That more than one offense is charged in said indictment. (3) That the facts stated in said indictment do not constitute a public offense. Wherefore

said defendant prays judgment that he may be dismissed and discharged of the said indictment." On the 12th day of July, 1912, the circuit court entered its ruling upon said demurrer as follows: "It is ordered and adjudged that said demurrer be and the same hereby is sustained and it is ordered that said defendant be and hereby is dismissed and discharged of the said indictment." To which order and ruling the state by its counsel duly excepted, and brings the cause to this court for review.

[1] In his brief respondent contends: First, that the indictment does not state facts sufficient to constitute a public offense, in that the act of 1909, under which the indictment was drawn is unconstitutional; second, that the indictment is uncertain, and does not contain a statement of facts constituting the alleged offense in ordinary and concise language. The question of the unconstitutionality of chapter 222, Laws of 1909, upon grounds identical with those urged on this appeal, was determined adversely to respondent's contention in the case of State v. Donald A. McPherson et al., 139 N. W. 368, decided at the present term.

[2, 3] The gist of respondent's second contention is that the indictment fails to specify the particular facts constituting insolvency. Section 46, c. 222, Laws of 1909, provides that: "A bank shall be deemed insolvent—First: When the actual cash market value of its assets is insufficient to pay its liabilities. Second: When it is unable to meet the demands of its creditors in the usual and customary manner. Third: When it shall fail to make good its reserve as required by law." It is respondent's contention that the indictment should have alleged that the bank was insolvent, in that the actual cash value of its assets was insufficient to pay its debts, or because it was unable to meet the demands of its creditors in the usual manner, or that it had failed to make good its reserve as required by law.

Respondent's further contention is that the indictment is insufficient, in that the insolvency of the bank is a particular circumstance necessary to constitute a complete offense, and the indictment is not direct and certain as to this necessary element, as required by section 222, Code Criminal Procedure.

In support of his contention, respondent cites the constitutional provision that "in all criminal prosecutions, the accused shall

38—Vol. 30, S. D.

have the right to demand the nature and cause of the accusation against him, to have a copy thereof," together with section 221, Code of Criminal Procedure, which provides: "The indictment or information must contain * * * (2) a statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended." Section 229 of the Code of Criminal Procedure also further provides: "The indictment or information is sufficient if it can be understood therefrom: * * * (6) That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language without repetition and in such a manner as to enable a person of common understanding to know what is intended. (7) That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case." The constitutional provision referred to is not a rule of pleading in criminal cases. It does require that the statute prescribing rules of pleading in criminal cases shall be sufficient, when complied with, to apprise the accused of the nature and cause of the accusation against him. It is sufficient to observe, without a citation of authorities, that statutes containing provisions similar to those above quoted have been held sufficent to comply with constitutional provisions like our own.

The only question presented, therefore, is whether the indictment in this case contains allegations which comply with the requirements of the Code in relation to pleadings in criminal causes. It will be observed that these statutes require a statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended, and with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case. The statute under which this indictment was drawn declares that if any banker, or "any president, director, manager, cashier or other officer, or any agent, clerk, or employe of any banks, bank, or banking institution doing business in this state, shall receive or assent to the reception of any deposit of money or other valuable thing by any such banker or in such bank or banking institution * * * after he shall

have had knowledge of the fact that such banker, bank or bank-ing institution is insolvent, he shall, upon conviction thereof, be punished by a fine not exceeding $5,000 or by imprisonment in the state penitentiary not exceeding five years, or by both such fine and imprisonment, in the discretion of the court." The gist of the offense created by this statute consists in the act of receiving or assenting to receiving any deposit of money, etc., after the ac-cused shall have had knowledge of the fact that such banker, bank, or banking institution is insolvent. The indictment specifically charges that respondent assented to receiving a deposit of money by another employe of the bank, to-wit: One Harrold M. Cooper, assistant cashier of the bank, after the accused, Frank M. Stewart, had knowledge that the bank was insolvent. Do these allegations of the indictment contain "a statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is in-tended, and are they stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction accord-ing to the right of the case"? Only one of the allegations of the indictment is attacked for insufficiency under the statute, namely, the allegation of insolvency. In the case of State v. Stevens, 16 S. D. 309, 92 N. W. 420, the accused was charged under the then existing statute with receiving a deposit as cashier of the bank; the bank "being then and there insolvent." That action was de-cided upon questions of competency and sufficiency of the evi-dence. The sufficiency of the pleading was not involved in the appeal.

A somewhat extended examination of the authorities fails to reveal a single case in which it is held that an allegation of in-solvency is not an allegation of ultimate fact in this class of cases. Apparently respondent's counsel concedes that such an allegation would be sufficient at common law, or under the statute existing when the case of State v. Stevens was decided. It is appellant's contention that the recently enacted section of the statute defining insolvency has in some way changed the former rule. We are unable to agree with counsel in this view. Under our former statute, as well as under all similar statutes, the fact of insolvency is an essential element of the crime. It is true, as claimed by ap-pellant, that this court in the case of State v. Stevens, supra, de-

fined insolvency as "a present inability to pay depositors as banks usually do, and meet all liabilities as they become due in the ordinary course of business." If appellant's contention be correct that the particular facts constituting insolvency must be alleged to comply with section 222, Code of Criminal Procedure, requiring that the indictment must be direct and certain as regards the particular circumstances of the offense charged, when they are necessary to constitute a complete offense, then in the Stevens case the allegation of insolvency was insufficient, because ·the indictment failed to state the particular facts and circumstances constituting insolvency as defined by the court in that case. The principle is precisely the same whether the definition of insolvency embraces a single state of facts, as defined by the court in that case, or three different states of fact, as defined by the present statute. We are clearly of the opinion that an allegation of insolvency is an allegation of the ultimate fact specified in the statute, and that the indictment is not demurrable, because it does not specify the particular mode of proof by which the state may seek to show the fact of insolvency. As was said by this court in State v. Lewis, 13 S. D. 168, 82 N. W. 407, the indictment "gives to the accused all the information necessary to enable him to make preparation for his defense, and in case of an acquittal it contains all of the facts necessary to enable him to plead the same in bar to any subsequent information or indictment and the offense is charged with sufficient certainty to enable the court to pronounce the proper judgment." In State v. Burchard, 4 S. D. 548, 57 N. W. 491, this court said: "The offense must be set forth with sufficient certainty, not only to enable a person of common understanding to know what is intended, but with sufficient certainty to enable the accused to prepare his defense in advance of the trial."

' Applied to the particular point under discussion, the rule stated requires merely that the accused shall be advised of the fact that the bank is alleged to have been insolvent when the deposit was received. As to the allegation of insolvency the only preparation of evidence in advance of the trial is the preparation of evidence to show that the bank was solvent when the deposit was received. To hold that the allegation of insolvency does not advise the accused sufficiently to enable him to prepare the evidence to show solvency would be technical in the extreme, and not in

consonance with sound common sense. Doubtless there are cases in which a crime charged in the words of the statute might not sufficiently advise the accused of the specific matters charged as criminal to enable him to prepare his defense, but the case at bar is not one of them. In State v. Lewis, supra, this court approved the general rule laid down in Wharton's Criminal Pleadings, §220, where it is said: "On the general principles of common law pleadings, it may be said that it is sufficient to frame the indictment in the words of the statute in all cases where the statute so far individuates the offense that the offender has proper notice from the mere adoption of the statutory terms what the offense he is to be tried for really is."

[4] Respondent further contends that the indictment charges more than one offense. We cannot agree with this contention. Only one offense is created or contemplated by the statute. In a general sense the object of the statute is to punish fraudulent banking. The theory of the crime is that one who receives a deposit assents to it and the officer who assents to the act in law receives the deposit. The officer who accepts the deposit, and the officer who assents to the act, with knowledge of the fact that the bank is insolvent, are alike and equally guilty of a single offense. To prove the crime, it is essential to show that some officer, agent, clerk, employe of the bank received a deposit with knowledge of insolvency. To prove another officer of the same bank guilty of the same crime, it is only necessary to show the same act of the officer, clerk, or employe in receiving the deposit and the assent of the other officer to the same act with knowledge of insolvency. Under the statute, both the person who receives the deposit and the person who assents thereto become parties to the same identical act, and both are alike punishable for the one offense. We are clearly convinced that the trial court erred in sustaining the demurrer and entering judgment dismissing the action. The order and judgment of the trial court are therefore reversed, and the cause remanded for further proceedings, according to law.

CORSON, J., dissenting.