BOWERS v. HALLOCK ET AL.

1. **Tax Sale and Deed:** NO NOTICE TO REDEEM: NOT VOID BUT VOID-ABLE. A tax deed issued without service of the notice to redeem, as required by the statute, or without filing in the treasurer's office the statutory proof of such service, is not void, but it conveys the title to the land subject to the right to redeem when lawfully established.

2. ———: WHO MAY QUESTION: PROOF OF TITLE. One cannot question the validity of a tax title unless he, or the person under whom he claims, had title to the land at the time of the tax sale. (Code, § 897.) But such title is not shown by proof that *Porter* C. M. had title from the government, and by the introduction of the record of a deed to such person made by P. C. M., and acknowledged by *Peter* C. M.; nor by the introduction of the record of the deed alone, without the acknowledgment, for then there would be no proof of the execution of the deed by P. C. M.

*Appeal from Audubon Circuit Court.*

THURSDAY, MARCH 10.

ACTION in equity to establish plaintiff's right to redeem a quarter section of land, and to quiet in him the title thereto. The circuit court entered judgment for defendants, and plaintiff appeals.

*H. E. Long,* for appellant.

*H. F. Andrews* and *Willard & Fletcher,* for appellees.

REED, J.—The land in question was sold by the county treasurer, at the annual tax sale in 1873. The treasurer executed a deed of the land to the defendant Van Gorder, who was the holder of the certificate of purchase, and he, on the same day, sold and conveyed it to defendant Hallock, who at once took possession, and continued in actual occupation when this suit was instituted, which was in September, 1884. The ground upon which plaintiff claims the right to redeem from the sale is that the notice of the expiration of the time for redemption required by the statute was not served on the person in whose name the land was taxed, and there was no

legal evidence of the service of such notice on file in the office of the treasurer when the deed to Van Gorder was executed. The answer denies that plaintiff has any interest in the land, or any right to redeem from the sale. Counsel for plaintiff contend in argument that it was not essential to plaintiff's right to redeem the land that he show a perfect title in himself, but that he would be entitled to that right on proof that he was possessed of any interest in it.

The statute (Code, § 897) provides "that no person shall be permitted to question the title acquired by a treasurer's deed without first showing that he, or the person under whom he claims title, had title to the property at the time of the sale." Another provision of the same section is that the treasurer's deed, when executed in the form prescribed, and duly recorded, shall vest in the purchasers all the right, title, interest and estate of the former owner in and to the land conveyed. There can be no question, in view of this latter provision, that Van Gorder acquired the title to the land by the treasurer's deed. If, however, the notice to redeem required by the statute was not served, or if the proof of the service of the notice required by law was not on file in the treasurer's office when the deed was executed, the land remained subject to redemption. The deed, however, is not void. It conveys the title to the purchaser, who holds it subject, however, to be defeated by the redemption of the land when the right of redemption is established and exercised in the manner provided by law. It is equally clear, also, that plaintiff is questioning the title acquired under the treasurer's deed. He is seeking to defeat it by redeeming from the sale. Under the first provision quoted, then, he is required to show that either he, or the person under whom he claims, had title at the time of the sale. He claims to be the owner of the land. It is not necessary to inquire whether he would be entitled to redeem on proof that he held an interest less than an absolute estate under the one who held

*1. TAX sale and deed: no notice to redeem: not void, but voidable.*

*2. ———: who may question: proof of title.*

the title at the time of the sale. To establish his ownership of the property, he introduced the record of the conveyances which he claims constitute the chain of title from the government of the United States to himself. These conveyances show that John E. Brooks became the owner of the property by proper conveyance in 1858, and that he conveyed it, on the twentieth of May, 1860. The first question which arises with reference to plaintiff's proof of title is as to the name of the grantee from Brooks. Plaintiff claims the name to be "Porter C. McLane," while defendants contend that it is Porter C. M. Lane. There is no evidence on the subject except that afforded by the record of the conveyance, and it is conceded that an inspection of the record leaves it reasonably in doubt as to which is the true name of the grantee. It may be conceded, however, that the plaintiff's claim is correct, and that the name of the grantee is Porter C. McLane. The next conveyance in the chain appears to have been executed on the fifth of March, 1868. The record shows that this conveyance was signed by P. C. McLane. The certificate of the notary public who took the acknowledgment, however, shows that, on the day named, *Peter* C. McLane, who was personally known to him to be the identical person whose name is affixed to the deed, appeared before him, and acknowledged the same to be his voluntary act, etc. It was the record of this deed, also, that was introduced in evidence, and it may be that the recorder made a mistake in recording the instrument. But we have no evidence of that fact, and we must accept the record as it is.

It is shown, then, that the conveyance was executed by Peter C. McLane, while the grantee in the conveyance from Brooks was *Porter* C. McLane. There is no proof, then, that the person to whom Brooks conveyed the land has ever conveyed it. We cannot assume that the Peter C. McLane who executed the conveyance on the fifth of March, 1868, is the person to whom Brooks conveyed the land on the twentieth of May, 1860. Plaintiff's proof of title, therefore,

fails at this point. It does not show that either he, or those under whom he claims, had title at the time of the sale.

He claims, however, that he introduced in evidence only the record of the deed dated March 5, 1868, and that his offer did not include the record of the certificate of acknowledgment, and that, as the body of the deed shows that it was executed by P. C. McLane, we should assume that this was the Porter C. McLane who is named as grantee in the conveyance from Brooks. But if this claim, as to the extent of his offer, should be conceded, he would be in no better position; for, in that case, there would be no evidence of the execution of the deed, and it could not be considered. Having failed to establish title, he cannot question the title acquired under the treasurer's deed.

AFFIRMED.