THE AMERICAN INSURANCE CO. v. GARRETT.

1. **Fire Insurance**: SURRENDER OF POLICY: LIABILITY FOR OVERDUE PREMIUMS. The holder of a policy of fire insurance cannot avoid liability on a premium note, for an installment already past due, by surrendering the policy to the company.

*Appeal from Buchanan Circuit Court.*

THURSDAY, MARCH 10.

THIS is an action upon a promissory note, brought by a fire insurance company. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Chas. E. Ransier, E. M. Thompson* and *Geo. W. Wilson,* for appellant.

*L. F. Springer* and *J. H. Williamson,* for appellee.

ROTHROCK, J.—The note in suit is in these words:
" $50.

" For value received in policy No. 176,619, dated the twenty-ninth day of June, 1874, issued by the American Insurance Company, of Chicago, Illinois, I promise to pay the said company twelve dollars and fifty cents on the first day of June, 1875, and twelve dollars and fifty cents on the first day of June, 1876, and twelve dollars and fifty cents on the first day of June, 1877, and twelve dollars and fifty cents on the first day of June, 1878, without interest.

" R. P. GARRETT."

The amount in controversy being less than $100, the appeal comes to us upon the following certificate of the trial judge:

" The amount in controversy in this cause, as shown by the pleadings, does not exceed one hundred dollars. The cause involves the determination of a question of law upon which it is desirable to have the opinion of the supreme

The American Insurance Co. v. Garrett.

court, as follows: *First.* Is it a complete defense to an action on an installment promissory note, due in four equal annual installments, given for the premium on an insurance policy, the execution of which note is admitted by the answer, to show that the assured, more than a year after said note was given, mailed the policy to the insurance company, plaintiff, and in the letter accompanying said policy requested cancellation thereof, the assured neither paying, nor offering to pay, any part of the premium note,—there being at that time one installment of the note past due and unpaid, and three installments not mature, there having been two notes given for the premium on said policy, the first of which was paid when it became due, upon notice from the company, and no notice of non-acceptance and of cancellation of policy, as requested by defendant, was ever received by the defendant, and no notice to pay the further installments due on said note as they became due, no notice having afterwards been received by the defendant to pay said note, and there being no evidence of the condition of the policy of insurance? *Second.* Under the facts being shown on the trial in the foregoing question, was it error in the court to overrule plaintiff's motion to direct a verdict for plaintiff? *Third.* Under the facts being shown on the trial as stated in the first question, was it error on the part of the court, on its own motion, to direct a verdict for the defendant? This certificate is made by the court at the time of overruling plaintiff's motion for a new trial, and at the time judgment is rendered in said action against the plaintiff, on this October 16, 1885.          W. H. UTT, Circuit Judge."

It will be observed that the note in suit names the consideration thereof to be the policy of insurance. It was a contract of insurance, and the defendant claims that he rescinded the contract by returning the policy to the plaintiff. But the certificate shows that this rescission was not made until after the first installment of the notes became

due. The defendant was surely liable to pay all dues up to the time that he chose to rescind the contract. In order to absolve himself from further liability to the plaintiff, he should have paid the installment then due. · We think that, under the facts, the jury should not have been directed to return a verdict for the defendant.

REVERSED.