## BANDOW v. WOLVEN et al.

In an action to determine adverse claims to land which defendant claims through a tax deed, whether compliance with the statute as to notice of the expiration of the period to redeem from the tax sale and of intention to take out the tax deed was a jurisdictional matter need not be determined on appeal where there was no showing that the statute was not complied with.

Under Rev. Pol. Code, § 2213, making a tax deed regular on its face prima facie evidence of the truth of the facts recited therein and of the regularity of all proceedings from the valuation of the land up to the execution of the deed, a tax deed regular on its face was prima facie evidence that a proper notice of intention to take out the tax deed was given and properly served, and the burden was on one attacking the deed to show a defective notice or service.

In an action to determine the validity of a claim under a tax deed, findings that no notice of intention to take out the tax deed was served, except by publication, did not necessarily show that the notice and service were not sufficient, in the absence of an affirmative finding that the party to be notified was not a nonresident.

(Opinion filed, April 6, 1909.)

Hon. LORING E. GAFFY, Judge.

On rehearing. Former opinion affirmed, as modified.

For former opinion, see, 20 S. D. 445, 107 N. W. 204.

WHITING, J. This cause comes before the court upon rehearing; the former decision of this court being found in Lovesta J. Bandow v. John W. Wolven, 20 S. D. 445, 107 N. W. 204. On such former hearing it was the order of this court that the judgment of the circuit court be reversed, and new trial ordered. Subsequently, it having been suggested to this court that, pending the appeal and prior to such former decision in this court, the appellant John W. Wolven had died, such former decision and judgment of this court were vacated, and the action continued against Edwin J. Wolven and James A. Provoost, as executors of the last

will and testament of John W. Wolven, deceased. A rehearing was granted, and cause reargued.

We refer to the former decision of the court for a statement of the nature of the case and the issues therein, together with the opinion of this court at that time. We fully concur in the opinion of Justice Haney as regards the effect of section 2214, Rev. Pol. Code, as barring any action to set aside the tax deed for anything alleged as fatal thereto prior to the giving of notice of intention to take out tax deed. For the reasons hereinafter stated, we do not think the determination of the question of whether complying with the statute in regard to notice of expiration of period to redeem from tax sale and of intention to take out tax deed is a jurisdictional matter becomes essential to the decision of this cause, and we prefer to modify the former decision of this court to the extent of not determining that point; but in so doing we wish it understood that we do not hold such decision wrong, but simply leave the determination of this question to such time as it may become essential to the decision of some cause before this court.

By finding 10 the court found, among other things, "that said tax deed is regular on its face." Finding 7 is the only other finding material to the point under consideration, and this finding is as follows: "That no legal service of notice of intention to take out tax deed on the land described in these findings was made or served by any person; that no such notice was served on any one, or in any manner other than by publishing such notice in three issues of a weekly newspaper in Hand county, S. D., and no showing is made, by affidavit or otherwise, that the person to be served did not reside in Hand county, or of the necessity of resorting to service by publication." From the above it appears that a notice was served by publication, which publication was for proper time and in a proper paper. The court concludes as a matter of law that such service was not legal, because no showing of nonresidence of party to be notified was made, nor was there a showing of necessity of resorting to publication. This last undoubtedly refers to the fact that there was no showing that party to be noti-

fied, if a nonresident, had not filed with register of deeds the name of an agent upon whom service could be made.

We think the trial court was clearly wrong as regards the necessity of the above-mentioned showings. By section 2213, Rev. Pol. Code, this tax deed regular on its face was "prima facie evidence of the truth of the facts therein stated, and the regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deed." Therefore such tax deed was prima facie evidence that a proper notice had been given and had been properly served, and there was no burden on the claimant under such tax deed to make the showings referred to in such finding 7; but the burden was on the person attacking such deed to introduce evidence to show what notice, if any, was given, how same was given, and facts to show either a defective notice or defective service. There is nothing in the findings to show but what the notice was in every way sufficient and service complete.

For the reasons stated in the former opinion, as modified herein, the judgment of the circuit court is reversed, and a new trial ordered.

SMITH and McCOY, JJ., not sitting.