## SOBEK v. BIDWELL.

Plaintiff, in an action to quiet title, alleged that he was the owner of the premises, in possession, and that defendant claimed some interest under a pretended mortgage. Defendant set forth a mortgage, and that he had foreclosed the same and held the sheriff's certificate, and that plaintiff claimed under a tax deed, and set out various claims of irregularity in the tax proceedings. Upon the trial plaintiff was allowed to interpose a reply alleging the regularity of the tax proceedings and possession under such deed, and that it had been of record more than three years prior to the action, to which defendant excepted. Held, that under the South Dakota practice, allowing the short form of complaint in such an action, such form is ample to authorize plaintiff to introduce his deed, as well as proof of the period during which the deed has been recorded, and, if defendant affirmatively sets forth the source of plaintiff's title and attacks the same, plaintiff should be allowed to reply thereto, or introduce proof in rebuttal without a reply, so that in either case the allowance of the reply could work no injury to defendant.

A mere exception without a previous objection is a nullity.

Sess. Laws 1893, c. 158, § 1, provides that a tax sale shall be made to the person who will bid the full amount of the taxes, etc., stating in his bid the lowest rate of interest at which the bidder will pay the amount due against the land, and that the treasurer shall sell to the person bidding at the lowest rate of interest. Sess. Laws 1897, c. 32, § 1, provides a tax deed form having no recital that the purchaser bid the full amount of the taxes, etc., and that he stated in his bid the lowest rate of interest at which he would pay the tax, etc. Held, that such a recital was not necessary to the validity of a tax deed.

A tax deed being in the form and containing the recitals required by statute, and having been recorded for more than the three years of limitation, a finding relative to notice of taking out a tax deed becomes immaterial.

(Opinion filed, Jan. 12, 1910.)

Appeal from Circuit Court, Buffalo County. Hon. FRANK B. SMITH, Judge.

Action by August Sobek against F. A. Bidwell. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

*Preston & Hannett,* for appellant. *James L. Cook,* for respondent.

WHITING, P. J. This action was brought to quiet the title to a certain tract of farm land in Buffalo county. The plaintiff in his complaint set forth that he was the owner; that he had been in exclusive possession of said land since the year 1901; that the defendant claimed some interest therein by virtue of a pretended mortgage, but that said claim was without merit or foundation, and prayed that the title of defendant be determined, and plaintiff be adjudged to be the owner in fee, and defendant to have no title or interest in the land. The defendant by his answer set forth the giving of a mortgage by the patentee of said land; that by a chain of assignments the mortgage and note secured thereby had become the property of defendant; that he had foreclosed the same by advertisement within the year prior to the commencement of this action; and that he was a holder of the sheriff's certificate on such sale. The answer further alleged that plaintiff claimed his title through a purported tax deed dated January 28, 1898, and the answer set forth various claims of irregularity in the tax proceedings leading up to such deed. Upon the trial plaintiff offered in evidence the said tax deed together with the indorsements thereon, to which offer defendant objected, for the following reasons: "It does not appear that notice of redemption was given to the record owner prior to the issuance of the said tax deed, that being a condition precedent to issuance thereof, and for the further reason that no proper foundation has been laid for the same, and for the further reason that two instruments are virtually offered in one offer. We object to the indorsement upon this Exhibit 'A' upon the ground it is incompetent and immaterial, and that there is no issue here as to whether or not this treasurer's deed was ever placed on record. Incompetent and immaterial." Plaintiff then asked to be allowed to reply to the answer, which application

was allowed, and plaintiff interposed a reply alleging the regularity of each step in the tax proceedings, the possession of himself and his grantors under such tax deed, and the fact of the recording of such tax deed, and that it had been of record more than three years prior to the commencement of this action, and prior to the foreclosure of said mortgage. The record does not show that, when plaintiff made application to be allowed to reply, any objection was interposed to such application, but it does appear that the defendant excepted to the order granting such application. After the reply was interposed the court overruled the objection to the introduction of the tax deed and the recording thereof, to which ruling defendant excepted.

Under the view which we take of this case the two exceptions above noted, and assignments based thereon, are the only matters demanding our consideration, except the calling attention to the fact that our ruling in regard to such assignments renders the other questions raised immaterial.

Defendant's second assignment of error claims that the court erred in permitting plaintiff, over defendant's objection, to reply to the affirmative matter set forth in defendant's answer, and in permitting said plaintiff to set up in his reply the statute of limitation in support of his tax deed. The defendant in his brief has argued to some considerable length to show error on the part of the court in this matter, but certainly under our practice, which allows the short form of complaint in actions of this kind, it must be held, either that such form of complaint is ample to authorize the plaintiff, not only to introduce his deed, but also to introduce proof of the period during which it has been of record if the matter of recording is material, or that, if the defendant in his answer affirmatively sets forth the source of plaintiff's title and attacks the same, plaintiff should be allowed to reply thereto, or introduce his proof in rebuttal without a reply, so that in either case the allowance of the reply could work no injury to defendant. Regardless, however, of what we have said above, the assignment must be held as not well taken, for the reason that it does not appear that any objection was interposed when plaintiff asked to be allowed to make reply, and

a mere exception, after the ruling, without a previous objection is certainly a nullity. There should be an objection sufficient to call the attention of the trial court specifically to the reasons why defendant claims the court should not allow the reply.

Defendant's first assignment of error claims that the court erred in overruling defendant's objection to the introduction of the tax deed in evidence. In arguing this assignment in his brief the appellant in no manner refers to the objections made at the time such deed was offered, unless his objection that the deed as offered was incompetent and immaterial was sufficient to cover the points suggested in his brief, which is to the effect that such tax deed was invalid on its face, in that it did not recite "that the purchaser at said tax sale had bid the full amount of the taxes, penaltv, interest and costs due on such land, and that the purchaser in his bid stated the lowest rate of interest per annum at which the bidder would pay the tax, penalty, interest and costs due against the land." If appellant is right in such contention it becomes of the utmost importance, for the reason that such objection, if sustained, would invalidate every tax deed issued in this state since the enactment of chapter 32 of the Session Laws of 1897, which section has remained to this date the law of this state providing for the form and method of executing tax deeds. Appellant claims that under section 1, c. 158, of the Session Laws of South Dakota for the year 1893, such recitals above quoted must appear in the deed, for the reason that under said section (being the section under which the sale in question was made) it is provided that upon sale for taxes each separate tract shall be offered separately, and the treasurer shall receive bids thereon, and the sale shall be made to such person, persons, or corporation who will bid the full amount of the taxes, penalty, interest, and costs due on such tract, stating in the bid the lowest rate of interest at which the bidder will pay the amount due against the land, and the treasurer shall sell to the person, persons, or corporation bidding at the lowest rate of interest. A comparison of said chapter 158, Laws 1893, with section 117, c. 28, Laws 1897, which is now known as section 2196 of the Revised Political Code of 1903, will show that

the wording of the two sections is identically the same, so that there has been no change in this provision of our law since the year 1893. At the time the deed now before us was executed section 1, c. 32, Laws 1897, the same being our present section 2213 of the Revised Political Code of 1903, was in force, which is the section which provides for the form and method of executing tax deeds. A comparison of the tax deed before us with said section shows that the same is word for word as provided in said section, with the exception of two immaterial words omitted from the form provided by such section. It will thus be seen that there is nothing in our laws requiring the recitals mentioned, and there is certainly nothing in the form of the deed provided by statute, which in any manner would imply that the law had not been complied with as to the manner of offering and selling said land. The appellant has cited several decisions of this court, none of them, however, being at all in point upon the question raised here, but they simply hold that, where the deed by its express recitals shows that the sale was made contrary to the provisions of the statute, such deed is on its face invalid, and evidence is inadmissible to dispute such statement in such deed. As to the necessity of a tax deed reciting in detail all of the steps leading up to the issuance of the deed, so as to foreclose on the face of the deed all possible question as to the regularity of the proceedings prior to the issuance of the deed, we would cite the case of Gibson v. Smith et al., decided at this term of this court, and reported in 24 S. D.——' 124 N. W. 733, together with the case of Hayes v. Ducasse, 119 Cal. 682, 52 Pac. 121, cited by this court in the above case. The deed in question is regular and valid on its face.

Appellant has assigned as error a finding of the court in which, among other things, the court found that after the expiration of the period of redemption from the tax sale, the holder of the certificate caused notice to be served upon the owner of the land. Appellant contends that the evidence did not support this finding. The appellant in no assignment has attacked the remainder of the finding above referred to, a part of which was as follows: "The said treasurer executed and delivered to said

A. C. Whitbeck a treasurer's tax deed for said land, which deed was in the form, and contained all the recitals required and prescribed by the laws of the state of South Dakota for such deeds, and was duly acknowledged so as to entitle it to be recorded, and said deed was duly recorded, in the office of the register of deeds in and for said Buffalo county, on the 8th day of February, 1898." With this express finding as to the regularity of the deed, and that the same had been of record for many more than the three years of limitation provided by the statutes of this state, the finding in relation to giving notice of the taking out of tax deed becomes absolutely immaterial, and the above assignment needs no further consideration. Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204; s. c. 120 N. W. 881; Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91; Gibson v. Smith et al., supra.

What we have just stated in relation to the immateriality of any finding concerning proof of notice of taking out tax deed applies to all the other assignments not already discussed herein.

The judgment of the trial court and the order denying a new trial are affirmed.