CAIN, Respondent, v. EHRLER et al., Appellants.

(153 N. W. 941.)

(File No. 3455.   Opinion filed August 28, 1915.)

1.   **Taxation—Quieting Title—Tax Deed—Limitations, Notice of Taking Tax Deed, as Related to—Statutes.**

In a suit to quiet title, held, that where a tax deed was issued without the previous filing of an affidavit of service of notice of taking out the deed, pursuant to Laws 1890, Ch. 151, nothing further as to such notice having been done than to publish the notice of expiration of right of redemption, the former owner could maintain a suit to recover the land, although the three years' limitation under Pol. Code, Sec. 2214, barring such owners from suing to so recover, or to assert claim thereto, unless suit is commenced within that time, had expired; that, under said Ch. 151, providing that "service shall be deemed complete when an affidavit" thereof "shall have been filed with the treasurer," etc., and that until 60 days after service of said notice of expiration of period of redemption "the right of redemption * * * shall not expire," the giving of notice and the filing of such affidavit is jurisdictional, and therefore the giving of the statutory notice of taking out tax deed, and

the proof thereof, may be questioned after issuance of tax deed; this although the deed is fair upon its face; the provisions of Pol. Code, Sec. 2213, making such deed "prima facie evidence of the regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deed," being inapplicable to the jurisdictional act of giving such notice under said Ch. 151; that the two-year period referred to in Pol. Code, Sec. 2212, within which the treasurer is prohibited from executing a deed, is not a limitation upon the property owner's right of redemption, but merely fixes a minimum period within which such right can in no event be cut off.

McCoy, P. J., and Whiting, J., dissenting.

2. **Courts—Stare Decisis—Rule of Decision—The "Point Considered."**

In determining whether any decision is an authority upon a given proposition of law, it is necessary to ascertain the exact point that was under consideration when that decision was rendered.

Appeal from Circuit Court, Hand County. Hon. JOHN F. HUGHES, Judge.

On rehearing. Affirmed.

For former opinion, see, 33 S. D. 536, 146 N. W. 694.

*J. H. Cole,* for Appellants.

*R. T. Bull,* and *A. K. Gardner,* for Respondents.

(1) Under point one of the opinion, Appellant cited: Blackwell, Sec. 498, citing Morrow v. Lander, 77 Wis. 77, 45 N. W. 256; Allen v. Ozark Land Co., (Ark.) 18 S. W. 1042; 32 Fed. 2; Slycord v. Healy, Blackwell, Sec. 498; 11 Desty, Sec. 148, p. 960; Larkin v. Wilson, 28 Kans. 515; Raburn v. Kuhl, 10 Ia. 92 et al; Blackmore v. Cooper, 15 N. D. 5, 106 N. W. 566, 4 L. R. A. (N. S.) 1074; Swope v. Prior, 10 N. W. 659, 58 Ia. 412; McGavock v. Pollock, 14 N. W. 659, 13 Neb. 535; Whittlesey v. Hoppinger, 35 N. W. 355, 72 Wis. 140; Nisbett v. Milner, 124 N. W. 22, 159 Mich. 537. Tax deed though regular on its face—special limitation does not apply when there is jurisdictional defect in proceedings. 3 N. D. 354, 56 N. W. 150; Roberts v. First Natl. Bank, 8 N. D. 504, 79 N. W. 1049; Sweigle v. Gates, 9 N. D. 535, 84 N. W. 481; Eaton v. Bennett, 10 N. D. 346, 87 N. W. 188; Power v. Ketching, 10 N. D. 260, 86 N. W. 737; Salmer v. Lathrop, 10 S. D. 216, 72 N. W. 570; Sheets v. Paine, 10 N. D. 106, 86 N. W. 117; Horswill v. Farnum, 16 S.

D. 414, 92 N. W. 1082; Clifford v. Hyde Co., 24 S. D. 237, 123
N. W. 872.

Respondent cited: Pol. Code, Sec. 2214; Bandow v. Wol-
ven, 20 S. D. 445, and cases there cited: O'Keefe v. Dellenbeck,
(Okla.) 83 Pac. 540; Leffingwell v. Warren, 2 Black 599; Pillow
v. Roberts, 13 How. 476; Callanan v. Hurley, 93 U. S. 390;
Walker v. Kronkeit, 40 Fed. 133; Linsey v. Fay, 25 Wis. 460;
Waterson v. Davoe, 18 Kans. 223; Nind v. Myers, 109 N. W.
335; Moran v. Thomas, 19 S. D. 469; Bandow v. Wolven, 20
S. D. 445; Northwest Mortgage Co. v. Levtzow, 23 S. D. 562;
Cornelius v. Ferguson, 23 S. D. 187; Sobek v. Bidwell, 24 S. D.
469; Gibson v. Smith, 24 S. D. 514; Gibson v. Pakarek, 27 S.
D. 423; Lauderdale v. Pierce, 27 S. D. 460; McKinnon v. Ful-
ler, (S. D.) 146 N. W. 910.

POLLEY, J. [1] In this case a rehearing was granted for
the sole purpose of examining into the effect upon the tax deed
involved of the limitation contained in section 2214, Pol. Code.
Our former decision is reported in Cain v. Ehrler et al., 33 S.
D. 536, 146 N. W. 694, to which reference is made for a state-
ment of the facts involved in the case. It is conceded that the
notice required by chapter 151, Laws 1890, was not served be-
fore the deed was executed, and we held in the former opinion
that, because said notice had not been served, the limitation found
in section 2214 did not bar appellants' right to assert their in-
terest in the real property affected by said deed. In so holding,
respondent contends that we overlooked the former decisions of
this court wherein respondent claims a different conclusion is
reached—contending that this court has repeatedly held that a
tax deed, fair upon its face, could not be assailed by the former
owner of the land affected thereby, more than three years after
said deed had been recorded, because notice of the expiration of
the period of redemption had not been given prior to the execu-
tion of such deed. Respondent contends that the rule established
by these decisions has become a rule of property, upon which
numerous parties have relied, and under which title to real prop-
erty has been acquired. In support of this contention, they cite
the following decisions of this court: Bandow v. Wolven, 23
S. D. 124, 120 N. W. 881; Lauderdale v. Pierce, 27 S. D. 460,

131 N. W. 514; Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91; Gibson v. Smith, 24 S. D. 514, 124 N. W. 733; Northwestern Mtg. T. Co. v. Levtzow, 23 S. D. 563, 122 N. W. 600; Sobek v. Bidwell, 24 S. D. 469, 124 N. W. 431.

[2] It is true that, in at least some of these cases, the court used language that lends some color to respondent's position; but, in determining whether any decision is an authority upon a given proposition of law, it is necessary to ascertain the exact point that was under consideration when that decision was rendered. This rule is expressly emphasized and pointed out in Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204. At the very outset it may be said that in none of the cases cited by respondent did this court hold that an action to set aside a tax deed that had been executed without the service of the notice of expiration of the right of redemption is barred by the three-year limitation; nor did it appear in any of those cases that such notice had not been served. In Bandow v. Wolven, on its first hearing (20 S. D. 445, 107 N. W. 204) the court, in discussing the treasurer's sale of land for delinquent taxes, used the following language:

"The law required the notice of sale to be published 'once a week for three consecutive weeks commencing the first week in October preceding the sale,' * * * The notice required by statute was not given, an irregularity which certainly would have invalidated the sale had timely objection been made. Is it now available? We think not. The owner of the land cannot be heard to say that he did not know the law. He knew that his land was subject to taxation, that it was assessable every year, that no demand for taxes was necessary, that they became delinquent on the 1st day of March of the year after they were levied, and that if they were not paid it was the duty of the treasurer to sell his land to satisfy the same on the first Monday in November. The time of the assessment, levy, and sale was prescribed by the statute. The law itself gave notice of the time and place of sale. The Legislature might have dispensed with further notice. It has declared that no action shall be commenced by the former owner or by any person claiming under him to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording

of such deed. The declaration is comprehensive and unqualified. No doubt exists as to the legislative intent. By the terms of the statute no defects in tax proceedings are excepted from the operation of the limitation; none should be recognized by the courts, except such as are required to prevent owners from being deprived of their property without due process of law. The legislative will should prevail to the fullest extent possible. It is the owner's duty to pay his taxes when they become due. He knows the consequences of failure to do so, the effect of the special limitation, and has no cause to complain; ample opportunity being afforded for the protection of his rights. If no published notice of the sale was necessary, certainly a defective one should not be regarded as a jurisdictional defect. There was no want of power. It may have been irregularly pursued, but the irregularity was waived by the owner's failure to assert his rights within the period prescribed by the statute, and that period is neither unjust nor unreasonable."

Keeping in mind that it was the notice of treasurer's tax sale the court had under consideration, and not the notice of expiration of the period of redemption, this is a correct statement of the law, because the law itself fixes the time, place, and manner of doing every act necessary to be done by the taxing officers to charge real property with a lien for the taxes, and the law itself is a continuous notice to property owners of all these facts. The property owner knows that his land is subject to taxation, that it is assessable annually, that no demand for taxes is necessary, that prior to 1913, taxes became delinquent on the 1st day of March following the levy, and that, if said taxes are not paid, the treasurer will sell the land in November; and, being advised by law of all these facts, he is in no wise prejudiced by the failure of the treasurer to give the statutory notice of the sale. But the court proceeds further, and, in discussing the return to the notice that tax deed was about to issue, said:

"What has been said regarding the tax sale notice applies with equal force to the contention that the return of the published notice, required before the deed was issued, does not show that the owner of the land was a nonresident. Assuming the record to be defective in this respect, and that the defect was such as to invalidate the sale before the expiration of the special limitation,

it is not now available, because such a notice might have been dispensed with altogether, without depriving the owner of his property without due process of law."

This statement, so far as it applies to the notice that the tax deed is about to issue, is mere dictum, for it was not the giving of such notice that was then under consideration.

What is true relative to the treasurer's notice of sale is by no means necessarily true relative to the notice of the expiration of the period of redemption. While the law imports to a property owner knowledge that his property is subject to taxation, that it is assessable annually, that no demand for taxes is necessary, that his taxes will become delinquent if not paid within a certain time, and that the land will be sold to satisfy the same, it does not purport to charge him with knowledge that a tax deed will issue at the end of two years after the sale, or at any other time until he has been given statutory notice thereof; and it expressly and affirmatively says to him that his right of redemption shall not expire until sixty days after he has been given such notice and proof of service is filed with the county treasurer. The statutory provisions relative to the two notices are radically different. While the statute merely requires the publication of the notice of sale, without declaring what the consequence will be if such notice is not given, it goes further in regard to the notice of expiration of the right of redemption, and declares that the right of redemption shall continue until the notice is given.

On a second hearing of Bandow & Wolven (23 S. D. 124, 120 N. W. 881) this court qualified its former opinion in the following manner:

"For the reasons hereinafter stated, we do not think the determination of the question of whether complying with the statute in regard to notice of expiration of period to redeem from tax sale and of intention to take out tax deed is a jurisdictional matter becomes essential to the decision of this cause, and we prefer to modify the former decision of this court to the extent of not determining that point; but in so doing we wish it understood that we do not hold such decision wrong, but simply leave the determination of this question to such time as it may become essential to the decision of some cause before this court."

This leaves the question wholly unsettled and deprives that

case of any value it might otherwise have had as a precedent in this case. It also indicates, as plainly as it possibly can, that up to that time the court considered the matter of the notice of the expiration of the period of redemption as an open and unsettled question, and renders all former decisions that are broad enough to include the question valueless as authority. But it goes further, and expressly announces that the question shall remain and be considered as undetermined until "such time as it may become essential to the decision of some case before this court."

In neither Cornelius v. Ferguson, Northwestern Mtg. T. Co. v. Levtzow, Lauderdale v. Pierce, nor Gibson v. Smith, cited by respondent, was the question of notice of expiration of the period of redemption involved or in any wise considered by the court, and therefore they cannot be considered as authorities on that question. In Sobek v. Bidwell the question of notice was presented upon an assignment of error alleging the insufficiency of the evidence to sustain the following finding of fact by the trial court:

"That after the expiration of the period of redemption from the tax sale the holder of the certificate caused notice to be served upon the owner of the land."

And this court, without discussion, and apparently without any consideration of the question presented by the assignment, treated it as having been already disposed of by the court on the first hearing of Bandow v. Wolven (20 S. D. 445, 107 N. W. 204), Cornelius v. Ferguson, supra, and Gibson v. Smith, supra; but, as we have already seen, Bandow v. Wolven was so far modified on the second hearing (23 S. D. 124, 120 N. W. 881) that it does not purport to pass upon or dispose of the question involved, and in the other two cases the question was not involved nor considered at all.

Many cases from other courts are cited by respondent, and some of them appear to sustain his position; but it does not appear that any of these cases were decided under a statute like ours. What would be a mere irregularity under one statute might amount to a fatal defect under another; and, as is said in Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204:

"The question must be determined in each particular case with reference to the laws of the jurisdiction in which it arises."

With this rule in mind, we must turn to the statute itself, or to decisions that have been rendered under a similar statute, for light upon the subject. As was stated above, our statute not only requires that the notice be given before the deed is executed, but it expressly provides that the right of redemption shall remain intact until such notice is given. In other words, the statute says, in the most unequivocal terms, that the right of redemption can be terminated in no way except by the service of the notice. The question then becomes: May a property owner be deprived of this right by the unauthorized and illegal act of a county treasurer in executing a tax deed, or may he rely upon the express provisions of this law for the protection of his property.

It is argued by respondent—and with much plausibility—that a man ought to pay his taxes when they become due, that he knows what the consequences will be if he does not pay, and that he has no right to complain if his land is sold when he fails to pay within the time allowed for that purpose. This may all be true, and yet a property owner cannot be penalized nor be deprived of his property for using all the time the law allows him for the payment of his taxes. The law fixes the time when taxes shall become due, and when they shall become delinquent; but it also, in effect, says to the property owner that, upon the payment of a certain penalty and interest, he may extend the time of payment to the time of the annual tax sale. If he does not pay before the time fixed for sale, his land is sold, but he is still given the right to redeem; and, for this purpose, the law says to him that he may take at least two years, and after that until such time as he is given notice that his right is about to expire, and that a deed will issue unless he pays within a fixed period of time after receiving such notice. It would not be contended for a minute that a tax deed issued less than two years after the sale would put the three-year statute in operation; yet the situation is exactly the same where a deed is issued without notice more than two years after the sale, for it must be borne in mind that the two-year period within which the treasurer is prohibited from executing a deed is not a limitation upon the property owner's right of redemption, but merely fixes a minimum period within which his right of redemption can in no event be cut off. The law does not merely require the giving of notice before the tax

deed can issue. It expressly extends to the property owner the right of redemption until such time as the notice is given. The right of redemption then becomes a vested property right, and one of which he can be legally deprived only in the manner provided by law, to-wit, the giving of the notice. The law, by its terms, gives to the notice the dignity of process of law, and to deprive him of his property, without giving him this notice, is to deprive him of his property without due process of law. The giving of this notice is just as much a prerequisite to the issuance of a tax deed that will bar the right of redemption as the service of a summons is a prerequisite to the entry of a valid judgment.

In the former opinion in this case it is said that a county treasurer is without jurisdiction to issue a tax deed until the notice of expiration of the period of redemption has been served. This declaration of law is vigorously assailed by respondent on the rehearing; and in support of his position it is contended that the service of the notice could have been dispensed with by the Legislature without depriving the property owner of any of his constitutional rights, and that, therefore, the failure to give the notice does not affect the treasurer's jurisdiction to issue the deed. This conclusion by no means necessarily follows. That the Legislature could have dispensed with this notice cannot be questioned. But, with the exception of two particular acts, as much can be said of all the other proceedings leading up to the divesture of the property owner's title for the nonpayment of taxes. The Legislature could, by statutory enactment, have provided that all lands should be assessed for taxation; that a tax should be levied, fixing the time within which it must be paid; and provided that, if such tax were not paid within the time so limited, title to the land should at once, and without further proceeding, vest in the state. This would have dispensed with the notice of sale and with the sale itself, as well as all subsequent proceedings leading up to the execution of the deed; yet no constitutional right would have been invaded. But it does not follow that a requirement that might have been dispensed with by the Legislature may be disregarded by the county treasurer without affecting the validity of a tax deed. While courts have frequently been called upon to declare whether a particularly designated act in a legal proceeding is or is not jurisdictional,

they do not seem to have attempted a general definition of the term "jurisdictional." Under the statute, the giving of the notice of the expiration of the right of redemption is made a condition precedent to the execution of the deed. It is the treasurer's authority for the execution of the deed. In fact, conceding a legal sale to have been made, the giving of the notice and the filing of a proper return thereto are his only authority for executing the deed. In other words, the giving of the notice is absolutely essential, and therefore jurisdictional. This would be true even without that clause in the law which provides that:

"Until sixty days after the service of said notice, the right of redemption from such sale shall not expire."

But, in view of this clause, it seems absolutely clear that it was the intent of the Legislature that the right of redemption from the tax sale could be terminated in no other manner than by service of the notice required by that act (chapter 151, Laws 1890). This view will be strengthened by a glance at the history of this legislation. This chapter, so far as applicable to this case, is borrowed from the statute of Iowa—section 894, Code Iowa 1873. Section 902 of the Iowa Code is as follows:

"No action for the recovery of real property sold for the nonpayment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded as above provided."

In Slyfield v. Barnum, 71 Iowa, 244, 32 N. W. 270, these two sections came before the Supreme Court of that state for construction. The action was brought to set aside tax deeds that had been issued without the service of the notice required by section 894. The five-year period had expired before the commencement of the action. In speaking of section 894 the court said:

"Under that and the following section the power of the treasurer in such cases to execute a deed is dependent on the giving of the notice. Unless the notice has been served on the person in whose name the land is taxed, he is not authorized to execute a deed. The deeds in question, then, were executed without authority. They are not absolutely void, it is true, for they operated to transfer the title to the lands to the grantees. But they did not have the effect to terminate the right of redempion, and the title conveyed by them was subject to be defeated by the

exercise of that right (Bowers v. Hallock, 71 Iowa, 218, 32 N, W. 268, decided at the present term) ; and as long as a right to redeem the lands existed there is no completed sale, and the settled rule is that until there is a completed sale the period of limitation presented by the statute does not begin to run (Eldridge v. Kuehl, 27 Iowa, 160; Henderson v. Oliver, 278 Iowa, 20; McCready v. Sexton, 29 Iowa, 386, 4 Am. Rep. 214)."

The above decision was published in 1887. This was nearly three years prior to the adoption of chapter 151, Laws of 1890, so that, at the time of its adoption in this state, the Legislature knew the construction that had been put upon it in that state, and under the well-recognized rule of statutory construction the adoption of the statute in this state was an adoption of the construction that had been put upon it as well. While we agree with the conclusion reached by that court, we do not subscribe to all the reasoning employed. A deed executed for property not taxable, or where the tax had been paid, or where the land is not situated in that taxing district, does not convey title; neither should a deed operate to transfer title if it is executed without the notice having been given.

The certificate of sale on which the tax deed in question is based was issued in November, 1890, and the rights of the parties affected thereby are governed by the law as it existed at the time. State ex rel. Waldo v. Fylpaa, 3 S. D. 586, 54 N. W. 599. The three-year statute of limitation in force at that time is found in section 1640, Comp. Laws, and had been in force since (or prior to) the revision of 1877 (section 75, c. 28, Pol. Code 1877). It reads as follows:

"No action shall be commenced by the former owner or owners of lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for nonpayment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed, and not until all taxes, interest and penalties, costs and expenses shall be paid or tendered by the parties commencing such action."

It is urged on behalf of respondent that the Legislature has the power, when providing what notice shall be given, to also provide the effect of failure to give such notice, and that, there-

fore, the Legislature has the power to say that no person can take advantage of a failure to give such notice unless he moves within the time specified for that purpose. There is no doubt that the Legislature has this power. Neither is there any doubt that this power has been exercised. But it is to chapter 151, Laws of 1890, and not to section 1640, that we must look to find what the Legislature has declared shall be the effect of a failure to give this notice. It is true that section 1640 provides, in effect, that the validity of a tax deed shall not be assailed unless the action for that purpose be commenced within three years after the recording of the deed; but chapter 151 just as plainly says that a property owner's right of redemption shall not expire until he has been served with notice. To this extent these two provisions of law conflict, and when we apply the well-recognized rule of statutory construction, that when two statutes conflict the older of the two must give way to the latter, there is no quesion that section 1640 must give way to chapter 151. It is true that the provisions of section 1640 make no exception in cases where no notice of expiration of the right of redemption has been given. But up to 1890 no such notice was required, and therefore the question of notice was in no wise contemplated by the authors of the law. But in 1890 the law (chapter 151, Laws 1890) requiring notice to be given to the property owner before the tax deed could be executed was passed. The effect of this law was to bring about a very radical change in the procedure leading up to the execution of a tax deed. It not only required the giving of the notice, but, to make it plain that no landowner should thereafter be divested of title to his land without being given an opportunity to redeem, provided that his right of redemption should continue until the notice was given. The result of this was to except from the operation of section 1640, Comp. Laws, cases where a tax deed has been executed without the giving of notice, although more than three years may have elapsed between the execution of the deed and the commencement of the action; for the right to bring an action to redeem could not be barred while the right of redemption still existed.

Again, if the contention of respondent is followed to its logical conclusion, it leads to this situation: A county treasurer could, at the expiration of two years after the delinquent tax sale,

proceed without any notice to or knowledge of the landowner to issue tax deeds for all the land that had not been redeemed; and if by mischance such owners are not apprised of the fact that such deeds had issued for three years, or for any reason, fail to commence an action to redeem within that time, they would be forever barred. Of course such a situation would not be tolerated for a minute by any one; yet it is in perfect harmony with respondent's position.

The case of McKinnon v. Fuller, 33 S. D. 582, 146 N. W. 910, decided by this court since the former opinion in this case was handed down, is cited in support of respondent's position, and is referred to as a reaffirmance of Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204. It is true that, in McKinnon v. Fuller, Bandow v. Wolven is referred to in approving terms; but it must be remembered that Bandow v. Wolven not only did not pass upon the question here involved, but, in 23 S. D. 124, 120 N. W. 881, expressly disavowed any intention of passing upon it. And, in the preparation of the opinion in McKinnon v. Fuller, the second hearing in Bandow v. Wolven was entirely overlooked, just as it was overlooked in Cornelius v. Ferguson, Sobek v. Bidwell, and Gibson v. Smith. The question involved in that case was whether or not the two-year limitation contained in the Scavenger Act of 1901 [Laws 1901, c. 51] would bar an action, commenced more than two years after the sale, where the notice provided for in section 15 of that act had not been given. The conclusion reached by the court is in perfect harmony with the rule adopted in the former opinion in this case. So far as the question involved in this case is concerned, section 18 of the Scavenger Act bears exactly the same relation to section 15 of that act that section 1640 bears to chapter 151; yet, in McKinnon v. Fuller, the court unanimously agreed that section 18 of the Scavenger Act did not bar an action to redeem from a Scavenger sale, brought more than two years after the sale, where the notice had not been given, and to now adopt the rule contended for by respondent would be to absolutely overrule the decision in McKinnon v. Fuller.

The case of Nind v. Myers, 15 N. D. 400, 109 N. W. 335, 8 L. R. A. (N. S.) 157, and other cases from North Dakota, are cited by respondent as authority for his position in this case. But

these cases grew out of a Scavenger tax law similar to our chapter 51, Laws of 1901, and are not in point.

It was contended by the respondent on the argument that, under the provision of section 2213, Pol. Code, the giving of the notice cannot be questioned after the execution of the deed. This section, so far as applicable to this case, is taken from section 1639, Comp. Laws, and reads as follows:

"Such deed shall be prima facie evidence of the regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deed."

It is conceded, however, that this section does not apply to tax deeds that are void upon their face, and that it does not cure jurisdictional defects in the proceedings leading up to the execution of the deed. In this case the deed is fair upon its face; but, as we have already seen, the giving of the notice of the expiration of the period of redemption is a jurisdictional act, and therefore one to which the statute does not apply.

Again, it will be noted that section 1639, Comp. Laws, makes the tax deed only prima facie evidence of the regularity of all proceedings, etc., clearly implying that such evidence is subject to rebuttal, and may be overcome by evidence showing that all the statutory requirements have not been complied with. This interpretation is adopted in Bandow v. Wolven, 23 S. D. 124, 120 N. W. 881. In that case, we said:

"By section 2213, Rev. Pol. Code, this tax deed regular on its face was 'prima facie evidence of the truth of the facts therein stated, and the regularity of all proceedings from the valuation of the land by the assessor up to the execution of the deed.' Therefore such tax deed was prima facie evidence that a proper notice had been given and had been properly served, and there was no burden on the claimant under such tax deed to make the showing referred to in such finding 7; but the burden was on the person attacking such deed to introduce evidence to show what notice, if any, was given, how same was given, and facts to show either a defective notice or defective service. There is nothing in the findings to show but what the notice was in every way sufficient and service complete."

This, we believe, is a correct interpretation of section 2213, and, so far as it applies to the notice of tax sale, we now reaffirm the

same. But, in this case, it is conceded that the notice provided for in chapter 151, Laws 1890, was not given. This overcame the prima facie effect of the deed, and section 2213 has no application to this case.

It is claimed by respondent that property owners have been misled in regard to their property rights by what is said in Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, and the other cases referred to by him. If such is the case, it is because they have failed to carefully examine what is said in those cases, and especially in Bandow v. Wolven, 23 S. D. 124, 120 N. W. 881. But, whatever may have been the effect of these cases on property rights that have been acquired since those decisions were published, they in no wise affected or misled respondent, because whatever rights he may have were acquired and this action was commenced long before any of these decisions were rendered.

Respondent has no right to complain because of the situation in which he now finds himself. When he acquired his interest in the premises, the record in the tax proceedings that resulted in the issuance of the tax deed under which he claims title failed to show that the notice of expiration of the right of redemption had been given, though the law, which said that the right of redemption should not expire until the notice was given and proper proof thereof filed, was staring him in the face. He was advised by these circumstances of the weakness of his title, and that he relied upon the statute of limitations for protection of his interests rather than upon the soundness of his title is apparent from his subsequent conduct in bringing this action. But, from the fact that he waited until the expiration of ten years after the recording of the tax deed and then immediately commenced his suit, it is apparent that it was the ten-year limitation found in sections 54 and 55, Code of Civ. Proc. (chapter 24, Laws 1891) and not the three-year limitation found in section 1640, Comp. Laws, upon which he relied.

Having failed to bring himself within the provisions of the ten-year statute, and it appearing that the right of redemption by the former owners has never been extinguished, the judgment of the trial court is reversed, and our former opinion is adhered to.

WHITING, J. (dissenting). I am unable to concur in the majority opinion. Believing that the reasoning therein is un-

sound in principle and wholly unsupported by any authority, and that the position taken is one from which this court will be driven to recede, I feel it proper to state somewhat fully the reasons for my dissent.

In a long line of opinions, commencing with that in the case of Bandow v. Wolven, 20 S. D. 445, 107 N. W. 204, this court has declared (what certainly has become the established law of this state) that section 2214, P. C., should be held to apply in all cases except where to so hold would cause the owner of real property to be deprived of such property without due process of law, and that under such section mere lapse of the time therein named will cure a failure to do any act the doing of which might have been dispensed with by the Legislature. In several opinions this court has declared what limitations should be placed upon the application of said section 2214, in order to conform to the rules thus announced in Bandow v. Wolven, and has refused to apply the provisions of such sections: (1) where the land was outside the taxing district wherein the taxing power had attempted to assess same; (2) where the land had not been assessed for taxes; (3) where the land was exempt from taxation; (4) where the taxes had been paid before tax sale; (5) where the land had been redeemed from tax sale before tax deed issued. Cornelius v. Ferguson, 23 S. D. 187, 121 N. W. 91; Gibson v. Smith, 24 S. D. 514, 124 N. W. 733.

In the case of Sobek v. Bidwell, 24 S. D. 469, 124 N. W. 431, decided by this court on the same day as was the case of Gibson v. Smith, supra, there was assigned the insufficiency of the evidence to support a finding that proper notice of expiration of time to redeem from tax sale had been given. The deed in that case was valid on its face, and being under our statute (section 2213, P. C.) prima facie evidence of all facts therein recited (Bandow v. Wolven, 23 S. D. 124, 120 N. W. 881) we might, even if there had been no other evidence touching the notice and service thereof, have held that such deed was sufficient to support the finding. Instead of basing our decision on the probative force of such deed, we saw fit to hold that, inasmuch as the tax deed was valid on its face and had been of record more than three years, a finding as to the giving of the notice was immaterial. This was the first time that this court was ever

directly called upon to consider the question of the application of said section 2214 to a deed issued without proper notice of the expiration of time to redeem from the sale, and we held that we would not limit the application of such section further than we had in Cornelius v. Ferguson and Gibson v. Smith, supra. Such was the law of this state when the present appeal was taken, and, if our former opinion herein shall stand unchanged, we have reversed our holding in Sobek v. Bidwell, supra, and we have also abandoned the fundamental principles upon which the former opinions of this court were based, unless the majority of this court are correct in holding that to apply section 2214 to the facts of this case would result in taking appellants' property without due process of law. It will be noticed that the majority concede that the legislative power of this state might dispense with the giving notice of expiration of period of redemption.

Section 2214, supra, does not, in its terms, recognize any of those limitations upon its application that have been placed thereon by the rulings of this court, and its application should certainly not be restricted, and the will of the lawmakers thwarted, except where such restriction is necessary in order to prevent the taking of property without due process of law. A statute of limitations prescribing a reasonable time after which one claiming to be the owner of property is denied the right to bring an action to recover possession of said property held under an apparent superior title, or to quiet his title as against such apparent superior title, cannot be held to deprive such claimant of his property without due process of law, if during such period of limitation the claimant has reasonable notice, either direct or constructive, of such claimed superior title. To hold otherwise would be to say that all statutes of limitations are invalid because their effect is to deprive parties of their property rights without due process of law. When a tax deed is valid on its face, the record thereof not only gives notice of its grantee's claimed title, but gives notice that such grantee is in constructive possession of the property therein described, if such property is not in the actual adverse possession of some other party. Why, then, should not the statute operate as a bar in all cases where the deed is valid on its face? In some states there are statutes of limitations, similar to our section 2214, which specifically provide that, where

a tax deed is sought to be attacked on one or more of the grounds mentioned in the five exceptions noted above, the action must be brought within a certain short period therein fixed. Why, then, has this and other courts held that a statute such as ours must be construed as not applying in any one of these five exceptional cases?

The fundamental reason is to be found in the following: If the land does not lie in the taxing district wherein an attempt to tax it is made, or if the land is exempt from taxation, the taxing power of the state can acquire no power or jurisdiction to impose a tax upon the land, and therefore can acquire no jurisdiction over the land; if there has been no assessment, the taxing power has never attempted to acquire jurisdiction over the land, and hence there is absolutely nothing upon which further tax proceedings can rest; if taxes assessed are paid before tax sale, or the land redeemed after tax sale, all the jurisdiction of the taxing power over the land terminates, and there is nothing upon which further proceedings, be they otherwise perfectly regular, could rest. Without jurisdiction of the property, any action by the taxing power, such as the giving of a tax deed, is an absolute nullity. The recording of such a deed is of no more effect as a bar to an owner's rights in his land than would be the recording of a deed, executed by A. and purporting to convey B.'s land, as a bar to B.'s right therein. The limitation statute applies wherever the taxing power has acquired jurisdiction over the land, and such jurisdiction has not been terminated; and this regardless of how irregular may have been the exercise of such power.

A moment's reflection discloses that there are only two ways by which the jurisdiction of the taxing power over a particular piece of property, when such jurisdiction has once been acquired, can ever be terminated: (1) By payment of the tax either before or after sale—which terminates the tax lien; (2) by the merging of the tax lien into a tax title. Any irregularity in the performance of, or any omission to take, any step which the statute requires to be taken after assessment, while it may be of a nature to render voidable everything that depends thereon for its validity, and though it may render necessary the doing over of those things that have been improperly performed, never re-

leases the land from the jurisdiction of the taxing power. Whenever there is lacking this fundamental requisite to all valid taxation—jurisdiction of the taxing power over the particular land—the landowner has a right to rest in absolute security, confident that no attempt will be made to enforce a tax against such land; but, whenever the taxing power has acquired and holds jurisdiction over his land, the landowner is put upon his notice, and should at all times be upon his guard. He knows that in some form or other in the ordinary course of events, either through regular or irregular proceedings, his land will appear upon the tax list and will eventually go to tax sale and deed. There is thus a clear distinction between the two classes of cases, and one which fully justifies the court in holding that a statute worded as is our section 2214 should not apply where the fundamental requisite of jurisdiction in the taxing officers is wanting, but that it should apply when, in its inception, the tax proceeding was valid, thus giving the landowner notice and putting him upon guard to protect his land against the enforcement of such taxes. Certainly one thus placed, who neglects to take any steps to correct or challenge irregularity in the tax proceedings for a period of at least 3½ years—the time necessarily elapsing between assessment and tax deed—and who then, after receiving at least constructive notice of the issuance of a tax deed valid on its face, evidencing the regularity of all proceedings prior to its execution, and which purports to be a conveyance by the state of the fee title to his land, fails for another 3 years to pay his taxes or to question the validity of the tax deed, cannot be heard to say that he has been deprived of his property without due process of law.

In New York, with statutory provisions requiring the giving of notice of expiration of period of redemption, and giving to the former owner the right to redeem until the period named in such notice expires, and with a statute held by the courts of that state to be a statute of limitations, there arose, in the case of Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322, the very question now before us. That court used in part the following language, which will be found quoted as authority by the Supreme Court of the United States in Saranac

Land & Timber Co. v. Roberts, 177 U. S. 318, 20 Sup. Ct. 642, 44 L. Ed. 786:

"The learned Appellate Division held that the failure to publish a proper redemption notice was jurisdictional as to the conveyance of 1884, and hence not cured by chapter 448 of the Laws of 1885, and cited Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, 15 N. E. 401, and Joslyn v. Rockwell, 128 N. Y. 334, 28 N. E. 604, as authorities for that proposition. We think the learned court took too narrow a view of the statute of 1885. This statute, though in some aspects a curative law, is primarily and essentially much more; it is a statute of limitation. It was distinctly held to be such in two decisions of this court (People v. Turner, 117 N. Y. 227, 22 N. E. 1022 [15 Am. St. Rep. 498]; People v. Turner, 145 N. Y. 459, 40 N. E. 400), and by the Supreme Court of the United States (Turner v. New York, 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392). A curative act in the ordinary sense of that term is a retrospective law, acting on past cases and existing rights. The power of the Legislature to enact such laws is therefore confined within comparatively narrow limits, and they are usually passed to validate irregularities in legal proceedings, or to give effect to contracts between parties which might otherwise fall for failure to comply with technical legal requirements. Cooley, Const. Lim. p. 454.  *  *  *  But there may be in legal proceedings defects which are not mere informalities or irregularities, but so vital in their character as to be beyond the help of retrospective legislation; such defects are called jurisdictional. This principle does not apply to a statute of limitations, for such a statute will bar any right, however high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right. Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; People v. Turner, 145 N. Y. 451, 40 N. E. 400."

See, also, Leffingwell v. Warren, 2 Black, 599, 17 L. Ed. 261.

The Supreme Court of our sister state in Nind v. Myers, 15 N. D. 400, 109 N. W. 335, 8 L. R. A. (N. S.) 157, in a remarkably able opinion, has clearly distinguished between incurable jurisdictional matters and those matters which are jurisdictional only in the sense that the Legislature has declared that the regularity

of future proceedings depends thereon, and has pointed out why statutes of limitation, such as our section 2214, have no application where the jurisdictional defects are incurable in their nature, but have full application where the defect or omission is in a failure to do something which the legislative power could have waived.

The giving of the notice is a mere statutory requirement, one that formerly did not exist in this state, and one which the Legislature has complete control over. It certainly was within the power of the Legislature, when providing that a notice be given, to provide the effect of failure to give such notice; therefore the Legislature had the power to say that no person could take advantage of such failure to give notice, unless he moved within a certain fixed period. It will not do to say that section 2212 should be held as controlling over section 2214 because enacted later. These sections were re-enacted together as a part of the Revised Code of 1903. Under numerous holdings of this court, these sections then, if not before, were placed upon a parity. It was some eight years later that, at appellants' request, the trial court vacated a default decree herein and allowed appellants to answer.

Since the handing down of our former opinion, this court virtually reaffirmed its opinion in Sobek v. Bidwell, supra, when, in McKinnon v. Fuller, 33 S. D. 583, 146 N. W. 910, we held:

"That the bar of the statute (section 2214, P. C.) covers every act required on part of taxing officers and of the *holder of the certificate which precedes the execution of the tax deed.*"

A most cursory reading of the opinion in McKinnon v. Fuller will prove that my colleagues are in error in holding such opinion in harmony with their opinion herein. It was clearly pointed out therein that the only reason why the statute of limitations did not apply to the facts of that case was because, under the express provisions of the law, the filing of proof of service of notice of expiration of period of redemption was a prerequisite to title passing under a scavenger tax sale certificate, and that until title had apparently passed the period of limitation did not start to run.

There is another reason why the judgment of the trial court should be affirmed, and one in no manner involving the application of section 2214 to the facts of this case. My colleagues have

called attention to the fact that section 2212, P. C., being chapter 151, Laws 1890, was borrowed from the Code of Iowa, and that, "under the well-recognized rule of statutory construction, the adoption of the statute in this state was an adoption of the construction that had been put upon it" by the court of Iowa. The Supreme Court of Iowa in Bowers v. Hallock, 71 Iowa, 218, 32 N. W. 268, and Slyfield v. Barnum, 71 Iowa, 244, 32 N. W. 270 (both decided before the year 1890), and in decisions since then, has always held that a tax deed given without notice was not void, but passed the legal title, leaving with the former owner the equitable right of redemption. The Iowa court has thus at all times recognized that a failure to give notice of the expiration of period of redemption did not oust the taxing power of jurisdiction of the property, and therefore of the power to convey title to the same, but such court has merely held that the right to redeem from such sale was not cut off by the giving of such deed. The Iowa court has held that this right to redeem was a right which appellants could enforce by proper equitable action. Slyfield v. Barnum, supra; Slyfield v. Healey (C. C.) 32 Fed. 2. If section 2212 was adopted from Iowa (and a comparison of such section with section 894, Code Iowa 1873, would seem to prove such adoption), and if, by adopting such section, we adopted the construction placed thereon by the courts of that state, then we adopted the rule that a deed given without the notice provided by such section is not void, but operates to transfer title to the grantee, subject to be defeated by the exercise of the right of redemption. My colleagues should not blow hot and cold—hold that we have adopted the construction placed upon this section by the Iowa court, and in the next breath reject the reasons given by such court for its holding. Under the holdings of the Iowa courts, appellants' legal title has gone. They would have no defense in a common-law action of ejectment. Their only remedy was an action brought seeking a decree allowing redemption; or, when respondent sued to quiet title, a right to interpose a counterclaim recognizing the legal title of respondent, but seeking equitable relief by way of redemption. Coulter v. Stafford (C. C.) 48 Fed. 266. They have not sought any such equitable relief, but have relied solely on the claimed superiority of their legal title, when, even under the Iowa decisions, such legal title has passed

from them. Moreover, their right to equitable relief has long since been barred by section 66, C. C. P.

It is well to bear in mind the undisputed facts. Gustave Lehmann, then the fee owner of this land, died in 1890, leaving appellants his only heirs. This land was sold in 1890 for the 1889 taxes thereon. The holder of the tax sale certificate gave notice, in 1892, that the period of redemption would expire and tax deed issue; but this notice was addressed to Gustave Lehmann, then deceased. Proof of service of such notice was filed in the treasurer's office, and no claim is made but that there is sufficient evidence to support a finding that the purported service was such as would have been valid if Gustave Lehmann had then been living. The treasurer was apparently justified in executing the tax deed, which was executed and recorded in September, 1893. The holders of such tax title either paid the taxes on said land or redeemed such land from tax sales for all the years subsequent to 1889 down to and including the tax for 1898. Respondent, after he acquired the tax title, was in possession of and paid the taxes on said land during each and every year from 1899 down to and including the year 1909; all such possession and payments antedating appellants' appearance in this action. This action was commenced in October, 1903, and judgment by default was taken by respondent. Upon application of appellants, such judgment was vacated and they were permitted to defend in June, 1911. The appellant Alma Lehmann reached her majority in July, 1907.

From the above facts it clearly appears that, at the time the default was opened and appellants allowed to defend, respondent, even though his tax deed had been absolutely void, had acquired, under section 54, C. C. P., through possession and payment of taxes, a perfect title to an undivided one-half of the land as against Wilhelmina Ehrler. He would also have acquired such a title as against Alma Lehmann, if it were not for section 56, C. C. P., which gave to her a right of action to recover possession, as against one claiming under section 54, until she arrived at the age of 24 years. But respondent not only claimed title under section 54, but he held the legal title by virtue of his tax deed, and this regardless of possession and payment of taxes. The right of appellants to bring an action to redeem from the tax sale

expired—as to one appellant, under section 66, C. C. P., before respondent brought his action; as to the other appellant, under section 66, supra, as modified by section 70, C. C. P., in July, 1908, or some three years before she was allowed to answer herein. Appellants' right to equitable relief by way of counterclaim depends upon whether such right existed at the time the counterclaim was interposed, and not whether it existed at the time action was brought—they must have had a subsisting cause of action upon which they could at that very time have maintained an independent action. Appellants, evidently recognizing that, even under the Iowa decisions, they were barred of their right to redeem by the statutes of limitation, did not seek such equitable relief, but relied solely upon their claim that plaintiff's tax title was void—a position absolutely unsupported by any authority.

My colleagues have taken occasion to point out why respondent has no cause to complain of the conclusion reached by them. They state that the records in the tax proceedings advised him of the lack of proper notice of taking out of deed. Such is not the fact. The records in the treasurer's office absolutely failed to show any defect in the notice or service thereof. Respondent had ever reason to suppose his title good. From the date of the tax sale the former owners had failed to pay any taxes; the taxes had been paid or redeemed by his grantors; he took actual possession of the land and paid taxes for several years before he brought this action; he remained in possession and paid taxes until 20 years had elapsed, during which the former owner and those claiming under him had never paid any taxes or made any claim to the land—in fact, until he had acquired an additional title, as against one appellant, through possession and payment of taxes, and until both appellants had become barred of any right of redemption from the tax title which he held. Then, when his rights had become absolute, and appellants had even lost the quitable right to redeem, they seek to attack the validity of his title. A more unjust and inequitable decision than that of the majority of this court could hardly be imagined. It can but

tend to destroy confidence in the stability of titles to real property in this state.

McCOY, P. J., concurs in the views expressed by WHITING, J.